Lauren Rainwater, WSBA #43625
Rachel Herd, WSBA #50339
Caleah N. Whitten, WSBA #60209
Ardie Ermac, WSBA #60755
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: 206.622.3150
Facsimile: 206.757.7700

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT YAKIMA

| | |
|---|---|
| JESSICA L. JACKSON, on her own behalf and on behalf of others similarly situated,<br><br>          Plaintiff,<br><br>   v.<br><br>HANESBRANDS, INC.,<br><br>          Defendant. | No. 2:25-cv-00440-SAB<br><br>DEFENDANT HANESBRANDS INC.'S NOTICE OF CONSTITUTIONAL QUESTION |

Under Federal Rule of Civil Procedure 5.1, Defendant Hanesbrands Inc. ("Hanes") states that on December 12, 2025, it filed a Motion to Dismiss asserting, in relevant part, that Washington's Commercial Electronic Mail Act ("CEMA"), RCW 19.190.060, is unconstitutional under the dormant Commerce Clause of the United States Constitution. Hanes, through its Motion to Dismiss, also asserts that CEMA is preempted by federal law—the Controlling the Assault of Non-Solicited Pornography and Marketing Act, 15 U.S.C. § 7707(b)(1). A true and correct copy of the Motion to Dismiss is attached as **Exhibit 1** to this notice.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

NOTICE OF CONSTITUTIONAL QUESTION - 1
No. 2:25-cv-00440-SAB

DATED this 12th day of December, 2025.

DAVIS WRIGHT TREMAINE LLP

*s/ Lauren B. Rainwater*

Lauren B. Rainwater, WSBA #43625
Rachel Herd, WSBA #50339
Caleah N. Whitten, WSBA #60209
Ardie Ermac, WSBA #60755
Email: laurenrainwater@dwt.com
Email: rachelherd@dwt.com
Email: caleahwhitten@dwt.com
Email: ardieermac@dwt.com

920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Telephone: (206) 622-3150
Facsimile: (206) 757-7700

*Attorneys for Hanesbrands Inc.*

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

NOTICE OF CONSTITUTIONAL QUESTION - 2
No. 2:25-cv-00440-SAB

# CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of December, 2025, I caused a true and correct copy of the foregoing to be served on the following as indicated below:

Samuel J. Strauss, WSBA #46971
Raina C. Borrelli, *pro hac vice*
forthcoming
STRAUSS BORRELLI, LLP
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Tel.: 872-263-1100
Email: sam@straussborrelli.com
Emaill: raina@straussborrelli.com

Lyn A. Toops, *pro hac vice*
forthcoming
Natalie A. Lyons, *pro hac vice*
forthcoming
Ian R. Bensberg, *pro hac vice*
forthcoming
COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel.: 317-636-6481
Email: ltoops@cohenmalad.com
Email: nlyons@cohenmalad.com
Emaill: ibensberg@cohenmalad.com

J. Gerard Stranch, IV, *pro hac vice*
forthcoming
Michael C. Tackeff, *pro hac vice*
Andrew Murray, *pro hac vice*
forthcoming
STRANCH, JENNINGS & GARVEY,
PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: 615-254-8801
Email: gstranch@stranchlaw.com

Office of the Washington State
Attorney General
1125 Washington Street SE
P.O. Box 40100
Olympia, WA 98504-0100
serviceATG@atg.wa.gov

***Via Certified Mail and Email***

Solicitor General's Office
Fax: 9-1-360-664-0228

***Via Facsimile***

NOTICE OF CONSTITUTIONAL QUESTION - 3
No. 2:25-cv-00440-SAB

Emaill: mtackeff@stranchlaw.com
Email: amurray@stranchlaw.com

*Via ECF*

*Attorneys for Plaintiff Jessica Jackson*

DATED this 12th day of December, 2025.

By s/ *Lauren B. Rainwater*
Lauren B. Rainwater, WSBA #43625

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

NOTICE OF CONSTITUTIONAL QUESTION - 4
No. 2:25-cv-00440-SAB

# Exhibit 1

Lauren Rainwater, WSBA #43625
Rachel Herd, WSBA #50339
Caleah N. Whitten, WSBA #60209
Ardie Ermac, WSBA #60755
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206.622.3150
Facsimile: 206.757.7700

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT YAKIMA

| | |
|---|---|
| JESSICA L. JACKSON, on her own behalf and on behalf of others similarly situated,<br><br>               Plaintiff,<br><br>   v.<br><br>HANESBRANDS, INC.,<br><br>               Defendant. | No. 2:25-cv-00440-SAB<br><br>DEFENDANT HANESBRANDS INC.'S, MOTION TO DISMISS<br><br>February 17, 2026<br>With Oral Argument: 9:00 a.m.<br>Via Videoconference |

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

HANES'S MOTION TO DISMISS - 1
No. 2:25-cv-00440-SAB

# <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION ............................................................. 8

II.   FACTUAL ALLEGATIONS .......................................... 9

III.  LEGAL STANDARDS ................................................. 10

    A.   Rule 12(b)(6) Motion to Dismiss ................................ 10

    B.   The Commercial Electronic Mail Act ............................ 11

IV.  ARGUMENT ................................................................ 11

    A.   Plaintiff Fails to Allege a CEMA Violation..................... 11

        1.   Plaintiff Does Not Allege She Received All Emails. ............ 11

        2.   The Email Subject Lines are Not False or Misleading. ......... 12

        3.   Plaintiff Does Not Allege Hanes's Knowledge. .................... 14

    B.   CAN-SPAM Preempts Plaintiff's Broad Application of CEMA. ... 15

        1.   CEMA Cannot Regulate *Misleading* Subject Lines. ............. 16

        2.   CEMA's Strict Liability Framework Is Preempted. ............. 18

            a.   Plaintiff Cannot Allege Knowledge. ........................... 19

            b.   Plaintiff Cannot Allege Materiality. ............................ 19

            c.   Plaintiff Cannot Allege Any Adverse Effect............... 20

    C.   CEMA Violates the Constitution. ..................................... 21

        1.   CEMA Impermissibly Applies to Conduct Occurring Wholly Outside of Washington State. ................................... 22

        2.   CEMA Is Invalid as Applied.................................... 24

        3.   CEMA Is Facially Invalid....................................... 25

    D.   CEMA's Excessively Burdens Interstate Commerce. ..................... 25

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

E.     Actual and Treble Damages Are Not Available. ............................ 27

V.     CONCLUSION............................................................................. 27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Am. Librs. Ass'n v. Pataki*,
   969 F. Supp. 160 (S.D.N.Y. 1997) ..................................................23

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................10

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..............................................................10, 15

*Beyond Sys., Inc. v. Kraft Foods, Inc.*,
   777 F.3d 712 (4th Cir. 2015) .......................................................15

*Chen v. Sur La Table, Inc.*,
   655 F. Supp. 3d 1082 (W.D. Wash. 2023) ........................................27

*Daniels Sharpsmart, Inc. v. Smith*,
   889 F.3d 609 (9th Cir. 2018) .......................................................21

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
   751 F.3d 990 (9th Cir. 2014) .......................................................13

*Edgar v. MITE Corp.*,
   457 U.S. 624 (1982)..................................................................24

*Gordon v. Virtumundo, Inc.*,
   575 F.3d 1040 (9th Cir. 2009) ...............................................*passim*

*Great Pac. Sec. v. Barclays Cap., Inc.*,
   743 F. App'x 780 (9th Cir. 2018) ..................................................20

*Gutierrez v. Converse Inc.*,
   2024 WL 2106952 (C.D. Cal. May 2, 2024)...............................14, 15

*Hartman v. United Bank Card, Inc.*,
   291 F.R.D. 591 (W.D. Wash. 2013) ...............................................23

*Healy v. Beer Inst., Inc.*,
   491 U.S. 324 (1989)...........................................................9, 21, 27

HANES'S MOTION TO DISMISS
No. 2:25-cv-00440-SAB – 4

*Hendrix ex rel. United States v. J-M Mfg. Co.*,
    76 F.4th 1164 (9th Cir. 2023) ...............................................................20

*In re Hawaiian & Guamanian Cabotage Antitrust Litig.*,
    754 F. Supp. 2d 1239 (W.D. Wash. 2010) .........................................10

*Integra Med Analytics LLC v. Providence Health & Servs.*,
    854 F. App'x 840 (9th Cir. 2021) .......................................................13

*Isomedia, Inc. v. Spectrum Direct, Inc.*,
    2009 WL 10676391 (W.D. Wash. May 27, 2009) ..............................20

*Malibu Media, LLC v. Doe*,
    2014 WL 2615351 (S.D. Fla. May 21, 2014)......................................15

*Moss v. U.S. Secret Serv.*,
    572 F.3d 962 (9th Cir. 2009) ..............................................................13

*Nat'l Collegiate Athletic Ass'n v. Miller*,
    10 F.3d 633 (9th Cir. 1993) ................................................................26

*Nat'l Pork Producers Council v. Ross*,
    598 U.S. 356 (2023)............................................................................25

*Nat'l Shooting Sports Found. v. Bonta*,
    718 F. Supp. 3d 1244 (S.D. Cal. 2024)...............................................25

*Omega World Travel, Inc. v. Mummagraphics, Inc.*,
    469 F.3d 348 (4th Cir. 2006) ..............................................................16

*Pike v. Bruce Church Inc.*,
    397 U.S. 137 (1970)............................................................................25

*Prudencio v. Midway Importing, Inc.*,
    831 F. App'x 808 (9th Cir. 2020) .......................................................13

*Publius v. Boyer-Vine*,
    237 F. Supp. 3d 997 (E.D. Cal. 2017) ................................................23

*Rocky Mountain Farmers Union v. Corey*,
    730 F.3d 1070 (9th Cir. 2013) ............................................................22

HANES'S MOTION TO DISMISS
No. 2:25-cv-00440-SAB – 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Sam Francis Found. v. Christies, Inc.*,
   784 F.3d 1320 (9th Cir. 2015) ........................................................22

*Silvers v. Sony Pictures Ent., Inc.*,
   402 F.3d 881 (9th Cir. 2005) ..........................................................17

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) ..........................................................10

*State Farm Mut. Auto. Ins. Co. v. Campbell*,
   538 U.S. 408 (2003).......................................................................21

*Thompson v. United States*,
   604 U.S. 408 (2025).......................................................................17

*United States v. Corinthian Colls.*,
   655 F.3d 984 (9th Cir. 2011) ..........................................................27

*Watson v. Emps. Liab. Assurance Corp.*,
   348 U.S. 66 (1954).........................................................................21

*Williams v. Taylor*,
   529 U.S. 362 (2000).......................................................................17

**State Cases**

*Adams v. King Cnty.*,
   164 Wn.2d 640 (2008) ...................................................................19

*Brown v. Old Navy, LLC*,
   4 Wn.3d 580 (2025) ............................................................ 12, 13, 21

*Brummett v. Wash.'s Lottery*,
   171 Wn. App. 664 (2012) ..........................................................19, 20

*Elcon Constr., Inc. v. E. Wash. Univ.*,
   174 Wn.2d 157 (2012) ...............................................................19, 20

*Keodalah v. Allstate Ins. Co.*,
   194 Wn.2d 339 (2019) ...................................................................27

*Martin v. Miller*,
   24 Wn. App. 306 (1979) .................................................................20

HANES'S MOTION TO DISMISS
No. 2:25-cv-00440-SAB – 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Mason v. Mortgage Am., Inc.*,
114 Wn.2d 842 (1990) ................................................................27

*Sign-O-Lite Signs, Inc. v. DeLaurenti Florists, Inc.*,
64 Wn. App. 553 (1992) ..............................................................27

*State v. Heckel*,
143 Wn.2d 824 (2001) ...........................................................23, 24

*Wright v. Lyft, Inc.*,
189 Wn.2d 718 (2017) ................................................................11

**Federal Statutes**

15 U.S.C.
§ 7701(a) ....................................................................15, 17, 26
§ 7704(a) ....................................................................*passim*
§ 7706(f)(1) ..........................................................................18
§ 7706(g)(1) ..........................................................................18
§ 7707(b)(1) ..................................................................8, 16, 17

**State Statutes**

RCW
19.190.020 ...................................................................*passim*
19.190.030(1) .......................................................................11
19.190.040 .................................................................11, 14, 27
19.190.100 ...........................................................................11

HANES'S MOTION TO DISMISS
No. 2:25-cv-00440-SAB – 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# I.    INTRODUCTION

Plaintiff Jessica L. Jackson claims Defendant Hanesbrands Inc. ("Hanes") is strictly liable under Washington's Commercial Electronic Mail Act ("CEMA") for sending emails that she claims "misrepresent[ed] the timing" of promotions on free shipping and discounted items. Under Plaintiff's theory, Hanes's decision to offer similar promotions periodically or to extend a promotion should subject it to a class action and millions of dollars in liability. Plaintiff is wrong:

*First*, Plaintiff fails to allege facts supporting three necessary elements of her CEMA claim: (a) her receipt of each alleged email, (b) false or misleading subject lines, and (c) Hanes's reason to know Plaintiff's email address belonged to a Washington consumer. *See* RCW 19.190.020(1).

*Second*, the Controlling the Assault of Non-Solicited Pornography and Marketing Act ("CAN-SPAM") regulates commercial email nationwide and preempts CEMA. 15 U.S.C. §§ 7704(a)(1)–(2), 7707(b)(1). CEMA's broad prohibition of "*misleading*" email subject lines falls outside CAN-SPAM's narrow allowance for laws that "prohibit[] falsity or *deception*." *Id.* § 7707(b)(1) (emphasis added). And because Plaintiff's allegations fall short of falsity or deception, CAN-SPAM preempts her CEMA claim.

*Third*, CEMA is unconstitutional facially and as applied. CEMA's requirement for out-of-state entities to identify individuals currently located *or* residing in Washington creates a nationwide standard for commercial email, excessively burdening interstate commerce. As applied, Plaintiff fails to allege she was located in Washington when she received the emails at issue, so her claim

HANES'S MOTION TO DISMISS
No. 2:25-cv-00440-SAB – 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

"directly controls commerce occurring wholly outside the boundaries of [Washington] State." *Healy v. Beer Inst., Inc.*, 491 U.S. 324, 336 (1989).

**Fourth**, CEMA unconstitutionally excessively burdens interstate commerce.

**Fifth**, because Plaintiff's Consumer Protection Act ("CPA") claim is premised entirely on her failing CEMA claim, it fails with the CEMA claim.

**Finally**, Plaintiff fails to allege any facts supporting her claims for actual and treble damages under both CEMA and the CPA.

The Court should dismiss the Complaint with prejudice.

## II.    FACTUAL ALLEGATIONS

Hanes is incorporated in Maryland with its principal place of business in North Carolina. ECF No. 1-2 ("Compl.") ¶ 11. Hanes, like many businesses, periodically announces promotions through email marketing. *See generally id.* Plaintiff speculates that this marketing "lur[es] in consumers through urgent subject headings in emails that do not reflect the true availability of the deal itself." *Id.* ¶ 40. Plaintiff's Complaint identifies fourteen allegedly false or misleading subject lines. *Id.* ¶¶ 52, 60, 61, 64, 66, 93–96, & Ex. A. Notably, Plaintiff only alleges she received three of these emails, with the following subject lines:

December 3, 2024: 🎬 Cut! Cyber Deals End Tonight
March 17, 2025: Last Chance to Get Lucky with Free Shipping 🍀
May 26, 2025: Last Chance! US Let Free Shipping Ring

*Id.* Plaintiff does not allege that she saw, opened, or acted based on the emails.

Plaintiff alleges the email subject lines "misrepresent[] the timing of the deals," *id.* ¶ 95, because Hanes ended a promotion and later offered a similar one or extended promotions based on business considerations. *Id.* ¶¶ 42–82. Under

HANES'S MOTION TO DISMISS
No. 2:25-cv-00440-SAB – 9

Plaintiff's logic, these later actions retroactively injured consumers who received the earlier promotion in creating "a false sense of urgency." *Id*. ¶ 4. But fatally missing are allegations establishing the subject lines were misleading when sent.

Plaintiff also makes no allegation that Hanes knew or had reason to know that when she allegedly received the emails she: (a) was a Washington resident, or (b) present in Washington. She merely speculates that Hanes knows which email recipients are located in Washington because Hanes "may" (i) have "location information" from purchase data, (ii) track IP addresses, (iii) purchase consumer data, or (iv) identify recipients through marketing platforms. *Id*. ¶¶ 83–92.

Plaintiff brings claims for violations of CEMA and the CPA. *Id*. ¶¶ 108–24. Plaintiff seeks to certify a class and seeks an injunction, "actual or liquidated damages, trebled," costs, and attorneys' fees. *Id*. ¶ 97 & Prayer for Relief at 20.

### III.   LEGAL STANDARDS

### A.   Rule 12(b)(6) Motion to Dismiss

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual allegations "to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A complaint can be lacking for one of two reasons: (i) absence of a cognizable legal theory, or (ii) insufficient facts under a cognizable legal claim." *In re Hawaiian & Guamanian Cabotage Antitrust Litig.*, 754 F. Supp. 2d 1239, 1244 (W.D. Wash. 2010), *aff'd*, 450 F. App'x 685 (9th Cir. 2011). The Court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."

HANES'S MOTION TO DISMISS
No. 2:25-cv-00440-SAB – 10

1  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended*,

2  275 F.3d 1187 (9th Cir. 2001).

### B.    The Commercial Electronic Mail Act

4      CEMA is a Washington statute that imposes liability on any "person" who

5  initiates or conspires to initiate the transmission of an email "from a computer

6  located in Washington or to an electronic mail address that the sender knows, or

7  has reason to know, is held by a Washington resident that[] … [c]ontains false or

8  misleading information in the subject line." RCW 19.190.020(1)(b). Although

9  CEMA does not authorize a private right of action, *see Wright v. Lyft, Inc.*, 189

10  Wn.2d 718, 727 (2017), such a violation is a *per se* violation of the CPA, *see* RCW

11  19.190.030(1), 19.190.100, ch. 19.86 *et seq.*

## IV.    ARGUMENT

### A.    Plaintiff Fails to Allege a CEMA Violation.

14      Plaintiff does not allege facts to show: (1) she received eleven of the

15  fourteen at-issue emails; (2) the subject lines of the three emails she received were

16  false or misleading; or (3) Hanes knew or had reason to know Plaintiff was a

17  Washington resident when she received any email. The Court should dismiss.

#### 1.    Plaintiff Does Not Allege She Received All Emails.

19      Plaintiff purports to represent a class of people to whom Hanes "sent or

20  caused to be sent any email listed in Exhibit A during the Class Period." Compl.

21  ¶ 97. But Plaintiff does not allege she received eleven of the fourteen emails in

22  Exhibit A. *Compare id.* ¶ 42–82 & Ex. A, *with id.* ¶ 94. She thus cannot assert

23  CEMA claims based on these eleven emails, *cf.* RCW 19.190.040 (providing for

HANES'S MOTION TO DISMISS
No. 2:25-cv-00440-SAB – 11

1  "[d]amages to the recipient"), and Hanes need not address them further.

2      **2.**  **The Email Subject Lines are Not False or Misleading.**

3    As for the emails Plaintiff received, Plaintiff fails to allege the requisite

4  "false or misleading information" (a deficiency all emails in the Complaint suffer

5  from). *See* RCW 19.190.020(1)(b). CEMA applies only to email subject lines.

6  *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1058 (9th Cir. 2009). For three

7  reasons, the email subject lines are not false or misleading:

8    ***First***, with respect to the March 17, 2025 email, Plaintiff does not allege any

9  facts suggesting that the free-shipping promotion did not end as advertised. Nor

10  does she allege that Hanes offered free shipping continuously between March 17,

11  2025 and March 21, 2025. Nor does she allege the two free-shipping promotions

12  were identical. In other words, Plaintiff's Complaint rests on the assumption that

13  companies cannot offer free shipping periodically. Likewise, with the emails on

14  December 3, 2024 and May 26, 2025, Plaintiff alleges that extending a promotion

15  violates CEMA. *Id.* ¶¶ 60–61, 64–67. This cannot be the law.

16    As Washington's Supreme Court recently clarified, email subject lines do

17  not "retroactively become[] false (and actionable) under CEMA because market

18  conditions change such that a better sale is later available." *Brown v. Old Navy,*

19  *LLC*, 4 Wn.3d 580, 595 (2025). So too, here. Hanes's decision to bring back or

20  extend a previous deal did not render the earlier subject lines false or misleading.

21    ***Second***, Plaintiff fails to allege ***any*** facts showing the email subject lines

22  were false when made. Plaintiff infers Hanes planned to extend or reoffer a

23  promotion when it sent the emails but offers no facts in support. And Plaintiff

HANES'S MOTION TO DISMISS
No. 2:25-cv-00440-SAB – 12

1    cannot ignore the plausible alternative explanation that Hanes renewed or extended

2    promotions (if they even are the same promotions) in response to later-developed

3    business conditions. *See Moss v. U.S. Secret Serv.*, 572 F.3d 962, 970 (9th Cir.

4    2009) (rejecting allegations as "merely possible" to support "impermissible

5    motive"). "When faced with two possible explanations, only one of which can be

6    true and only one of which results in liability[,] [s]omething more is needed, such

7    as facts tending to exclude the possibility that the alternative explanation is true, in

8    order to render plaintiffs' allegations plausible." *Prudencio v. Midway Importing,*

9    *Inc.*, 831 F. App'x 808, 810 (9th Cir. 2020) (second alteration in original) (internal

10    quotations omitted). The Court "need not accept the conclusion that [Hanes]

11    engaged in unlawful conduct when its actions are in line with lawful 'rational and

12    competitive business strategy.'" *Integra Med Analytics LLC v. Providence Health*

13    *& Servs.*, 854 F. App'x 840, 844–45 (9th Cir. 2021) (dismissing complaint because

14    plaintiff failed to allege facts excluding a competing explanation); *see also Eclectic*

15    *Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 998–99 (9th Cir. 2014)

16    (affirming dismissal of complaint for the same reasons).

17        ***Finally***, with respect to the March 17, 2025 and May 26, 2025 emails, the

18    "last chance" language in the subject line is, at best, "mere puffery" or a vague,

19    inactionable assertion. *Brown*, 4 Wn.3d at 596 ("We hold that instances of mere

20    puffery are not prohibited by subsection (1)(b)."). A statement like "last chance,"

21    Compl. ¶¶ 52, 60, simply relays a "vague or highly subjective term[] that cannot be

22    substantiated." *See Brown*, 4 Wn.3d at 596.

23        In sum, Plaintiff claims liability simply because Hanes offered promotions at

HANES'S MOTION TO DISMISS
No. 2:25-cv-00440-SAB – 13

varying intervals or extended them. And she does so based on subject lines that are accurate on their face, speculating that Hanes predetermined that it would extend a promotion or offer a similar one. Because the three emails Plaintiff claims she received were neither false nor misleading, Plaintiff's CEMA claim fails.

### 3.    Plaintiff Does Not Allege Hanes's Knowledge.

Plaintiff's CEMA claim also fails because Plaintiff does not allege Hanes knew or had reason to know ***Plaintiff's*** email address belonged to a Washington resident or someone located in Washington, as required. *Compare* RCW 19.190.020(1) (recipient must be located in or a resident of Washington), *with* RCW 19.190.040 (providing for "[d]amages to the recipient"). Instead, Plaintiff speculates Hanes should know recipients of its emails are located or reside in Washington from (i) the "sheer volume" of its email marketing, (ii) customer's online purchases, (iii) tracking of IP addresses, or (iv) purchasing or requesting such data. Compl. ¶¶ 84–91. This unsupported speculation does not state a claim.

***First***, Plaintiff alleges that the "sheer volume" of Hanes's emails "put it on notice that Washington residents would receive" them. *Id.* ¶ 84. But Plaintiff never ties that conclusory assertion to ***her***, let alone any particular email address.

***Second***, Plaintiff alleges Hanes "may obtain location information tied to email addresses when consumers make purchases." *Id.* ¶ 85. But Plaintiff does not allege ***she*** has made any purchase from Hanes linked to her email address.

***Third***, Plaintiff alleges that "Hanes may obtain location information" through IP addresses. *Id.* ¶¶ 86, 88. But courts have repeatedly cast doubt on the reliability of using IP addresses for geolocation purposes. *See Gutierrez v.*

HANES'S MOTION TO DISMISS
No. 2:25-cv-00440-SAB – 14

*Converse Inc.*, 2024 WL 2106952, at *17 (C.D. Cal. May 2, 2024) ("The fact that Defendant may have access to chat users' IP addresses … does not mean that they are in a position to make a determination as to where the chat users were located …."); *Malibu Media, LLC v. Doe*, 2014 WL 2615351 (S.D. Fla. May 21, 2014) (declining to rely on a geolocation of defendant's IP address to assess jurisdiction and venue). And an IP address cannot show residency since an individual could be traveling out of state or using a VPN. *Cf. Gutierrez*, 2024 WL 2106952, at *17 ("Defendant is not in a position to make the legal determination of residency with respect to chat users" even if Defendant could rely on IP addresses for location).

**Fourth**, Plaintiff speculates that Hanes could obtain data through a third-party company or the email domain registrant. Compl. ¶¶ 87–91. But Plaintiff has not plausibly alleged Hanes receives or could receive residency or location data through these means or has done so. *See Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level").

## B.    CAN-SPAM Preempts Plaintiff's Broad Application of CEMA.

Putting aside Plaintiff's insufficient allegations, CAN-SPAM preempts her CEMA claim based on subject lines with no alleged adverse effect.

Congress enacted CAN-SPAM to establish "a national uniform standard regarding spam control." *Beyond Sys., Inc. v. Kraft Foods, Inc.*, 777 F.3d 712, 717 (4th Cir. 2015) (citing 15 U.S.C. § 7701(a)(11)). Congress recognized that businesses faced numerous state statutes targeting spam, such as CEMA, with "disparate" "standards and requirements" that are difficult to comply with because email addresses do "not specify a [recipient's] geographic location." 15 U.S.C.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

§ 7701(a)(11). To replace this statutory "patchwork," CAN-SPAM created a comprehensive "standard to regulate commercial e-mail messaging practices," and "broadly preempt[ed] state regulation of commercial e-mail with limited, narrow exception," *Virtumundo*, 575 F.3d at 1061–63. The exception: state laws that "prohibit[] falsity or deception in any portion of a commercial electronic mail message or information attached thereto." 15 U.S.C. § 7707(b)(1).

CAN-SPAM preempts Plaintiff's CEMA claim for two separate reasons:

*First*, the "narrow exception" does not apply to Plaintiff's claim. CAN-SPAM's preemption exception allows states to regulate emails that are "false or deceptive." It does not allow states to regulate emails that are simply "misleading."

*Second*, CAN-SPAM preempts more burdensome state laws like CEMA. Plaintiff's claim imposes liability regardless whether the violation was knowing, material or had an adverse effect—essentially conceding CEMA is a strict liability statute. The Ninth Circuit has clarified that CAN-SPAM preempts such strict liability schemes. *See id.* § 7704(a)(2); *cf. Virtumundo*, 575 F.3d at 1054.

### 1.    CEMA Cannot Regulate *Misleading* Subject Lines.

CAN-SPAM's preemption exception allows states to regulate false or deceptive email subject lines, not misleading ones. 15 U.S.C. § 7707(b)(1).

"[T]he word 'deception' certainly denotes something more than immaterial inaccuracies or inadvertent mistakes." *Virtumundo*, 575 F.3d at 1062; *see also Omega World Travel, Inc. v. Mummagraphics, Inc.*, 469 F.3d 348, 354 (4th Cir. 2006) ( "'deception' requires more than bare error"). Misleading is something less, more akin to statements that simply "represent[] [information] incorrectly" or

HANES'S MOTION TO DISMISS
No. 2:25-cv-00440-SAB – 16

"give a[n] … imperfect … representation." *Virtumundo*, 575 F.3d at 1059 (quoting *Benson v. Or. Processing Serv. Inc.*, 136 Wn. App. 587, 592 (2007)). Indeed, the United States Supreme Court recently recognized: "[F]alse and misleading are two different things. … [B]asic logic dictates that at least some misleading statements are not false." *Thompson v. United States*, 604 U.S. 408, 413 (2025) (finding a statute criminalizing "false" statutes does not encompass misleading ones).

CAN-SPAM supports this distinction. It is "a cardinal principle of statutory construction that [courts] must give effect, if possible, to every clause and word of a statute." *Williams v. Taylor*, 529 U.S. 362, 404 (2000) (internal quotations omitted). And "the doctrine of *expressio unius est exclusio alterius* 'as applied to statutory interpretation creates a presumption that when a statute designates certain … things, or manners of operation, all omissions should be understood as exclusions.'" *Silvers v. Sony Pictures Ent., Inc.*, 402 F.3d 881, 885 (9th Cir. 2005). Congress used the terms "false," "misleading," and "deception" separately and distinctly throughout CAN-SPAM. *E.g.*, 15 U.S.C. § 7701(a)(2), (8) (separately describing "fraudulent or deceptive" messages and messages with "misleading information in the … subject lines"); *see also id.* §§ 7704(a)(1) & (a)(2), 7705. It chose **not** to include "misleading" in the savings clause. *Id.* § 7707(b)(1). "False/falsity," "deception," and "misleading" thus cannot be viewed as synonymous, and CAN-SPAM cannot be interpreted to have saved from preemption state laws like CEMA regulating more than falsity or deception.

Here, the email subject lines can at most be characterized as misleading, so

HANES'S MOTION TO DISMISS
No. 2:25-cv-00440-SAB – 17

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Plaintiff's claims based on them are preempted. *See supra* Section IV.A.2.[1] This is consistent with the Ninth Circuit's decision in *Virtumundo*, which rejected an attempt to expand CAN-SPAM's preemption exception to a "misrepresent[ation]" regarding the identity of the sender because a simple misrepresentation does not "rise[] to the level of 'falsity or deception.'" 575 F.3d at 1063–64.

### 2.    CEMA's Strict Liability Framework Is Preempted.

CAN-SPAM preempts more burdensome state laws that govern commercial emails. *See Virtumundo*, 575 F.3d at 1063. The Ninth Circuit explained that to avoid preemption, a state law—at a minimum—must require proof of the same elements CAN-SPAM imposes for deceptive subject headings: the sender (1) had "actual knowledge, or knowledge fairly implied on the basis of objective circumstances," (2) that the statement at issue concerned "a material fact," 15 U.S.C. § 7704(a)(2), and (3) the email "adversely affected" the recipient. *Virtumundo*, 575 F.3d at 1054 & n.12*; cf.* 15 U.S.C. § 7706(f)(1), (g)(1).

To allow Plaintiff's CEMA claim to proceed without at least alleging the basic elements CAN-SPAM requires would improperly allow Washington to create a more burdensome, strict liability scheme. Plaintiff's inability to allege

---

[1] Even if Plaintiff had alleged the email subject lines were false, her claim still fails. CEMA's prohibition of "false" information is not coextensive with CAN-SPAM's preemption exception for "falsity." *Virtumundo* interpreted CAN-SPAM "falsity" as "traditionally tortious or wrongful conduct." 575 F.3d at 1062. Mere inaccuracy does not evade preemption. *See id.* at 1063–64.

HANES'S MOTION TO DISMISS
No. 2:25-cv-00440-SAB – 18

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1  knowledge, materiality, or an adverse effect means her claim is preempted.

2      **a.    Plaintiff Cannot Allege Knowledge.**

3      CAN-SPAM requires a sender to have "***actual knowledge, or knowledge***

4  ***fairly implied*** on the basis of objective circumstances, that a subject heading of the

5  message would be likely to mislead a recipient." 15 U.S.C. § 7704(a)(2) (emphasis

6  added). Plaintiff must allege that Hanes knew the subject lines were false or

7  misleading when it sent the emails. *Adams v. King Cnty.*, 164 Wn.2d 640, 662

8  (2008). As explained above, *supra* Section IV.A.2, Plaintiff fails to do so.

9      **b.    Plaintiff Cannot Allege Materiality.**

10     CAN-SPAM also requires the subject lines be material. *Virtumundo*, 575

11 F.3d at 1062. As the Ninth Circuit has held, any broader construction would "create

12 'an exception to preemption that swallows the rule and undermines the regulatory

13 balance that Congress established.'" *Id.* at 1063 (alterations omitted) (quoting

14 *Omega*, 469 F.3d at 356). And not only must the subject lines be material generally,

15 they must have been material to ***Plaintiff***. *Elcon Constr., Inc. v. E. Wash. Univ.*,

16 174 Wn.2d 157, 167 (2012) (materiality absent because alleged misstatements were

17 not material *to the plaintiff*). Plaintiff does not and cannot allege either.

18     ***First***, Plaintiff fails to allege the subject lines were false or deceptive, let

19 alone ***materially*** so. As explained earlier, the subject lines, *at most*, could be

20 creatively misconstrued as *misleading*, the kind of technical violation CAN-SPAM

21 was enacted to prevent. Indeed, under Washington law, "possible representations

22 about the speed of sale, even if false, [are] not material" where other aspects of the

23 sale are not in question. *Brummett v. Wash.'s Lottery*, 171 Wn. App. 664, 676

HANES'S MOTION TO DISMISS
No. 2:25-cv-00440-SAB – 19

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1  (2012) (affirming grant of summary judgment on fraud claim based on allegation

2  that "advertisements 'induce[d] the public to purchase tickets'").

3      ***Second***, for Plaintiff's claims to survive, she must at least demonstrate that

4  the subject lines were material ***to her***. *Elcon Constr.*, 174 Wn.2d at 167; *Martin v.*

5  *Miller*, 24 Wn. App. 306, 309 (1979) (analyzing whether "representations were

6  *material to the plaintiffs' decision*" (emphasis added)); *Hendrix ex rel. United*

7  *States v. J-M Mfg. Co.*, 76 F.4th 1164, 1169, 1173 n.5 (9th Cir. 2023) (similar);

8  *Brummett*, 171 Wn. App. at 678 (advertisement claiming tickets were "going fast"

9  was not "something of material importance"). Plaintiff does not allege that she read

10  the subject lines or was induced to take any action. Instead, she alleges only that a

11  hypothetical consumer who reads such an email subject line might be "entice[d] …

12  to click and, ultimately, *purchase*." Compl. ¶ 15. Such impersonal allegations are

13  insufficient to overcome preemption. *Cf. Isomedia, Inc. v. Spectrum Direct, Inc.*,

14  2009 WL 10676391, at *4 (W.D. Wash. May 27, 2009) ("an allegation that an

15  email was received is not the same as an allegation that anyone acted in reliance

16  upon" it); *see also Great Pac. Sec. v. Barclays Cap., Inc.*, 743 F. App'x 780, 783

17  (9th Cir. 2018) (dismissing fraud claim that "fail[ed] to plead whether anyone at

18  Great Pacific read the [challenged representations] or how Great Pacific personnel

19  relied on the [representations]").

20          c.      **Plaintiff Cannot Allege Any Adverse Effect.**

21      Finally, a private right of action under CAN-SPAM requires "a showing that

22  the identified concerns are linked in some meaningful way to unwanted spam and,

23  in turn, represent ***actual harm***." *Virtumundo*, 575 F.3d. at 1054 (emphasis added).

HANES'S MOTION TO DISMISS
No. 2:25-cv-00440-SAB – 20

Plaintiff does not plead any actual harm, resting on the mere technical injury of purportedly receiving emails that violate CEMA. *See Brown*, 4 Wn.3d at 584. But merely receiving a misleading email does not "represent actual harm." *See Virtumundo*, 575 F.3d. at 1054. Plaintiff thus uses CEMA to impose strict liability for sending misleading emails, which is grossly incongruous with CAN-SPAM.

### C.    CEMA Violates the Constitution.

Plaintiff's CEMA claim also violates the dormant Commerce Clause—as applied and on its face—because, by imposing liability based solely on the email recipient's residence, it applies to individuals located outside of Washington who received emails from a commercial sender also outside of Washington.

A state may not directly regulate conduct that takes place wholly outside of its borders, *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422 (2003), even with "some nexus" to that state. *Daniels Sharpsmart, Inc. v. Smith*, 889 F.3d 609, 615 (9th Cir. 2018). Under the Commerce Clause, states are prohibited from directly "control[ling] commerce occurring wholly outside [its] boundaries." *Healy*, 491 U.S. at 335–36. Such control "exceeds the inherent limits of the enacting State's authority and is invalid regardless of whether the statute's extraterritorial reach was intended by the legislature." *Id.* at 336. Similarly, the Due Process Clause limits a state's ability to regulate conduct occurring extraterritorially. *See Watson v. Emps. Liab. Assurance Corp.*, 348 U.S. 66, 70 (1954) (recognizing "the due process principle that a state is without power to exercise 'extra territorial jurisdiction,' that is, to regulate and control activities wholly beyond its boundaries"). "States may not mandate compliance with their

HANES'S MOTION TO DISMISS
No. 2:25-cv-00440-SAB – 21

preferred policies in wholly out-of-state transactions….” *Rocky Mountain Farmers Union v. Corey*, 730 F.3d 1070, 1103 (9th Cir. 2013).

By imposing liability based solely on a recipient's Washington residence—but not location—CEMA sweeps in commercial emails in which both the sender and recipient are located outside of Washington State, and is therefore unconstitutional as applied to such emails.

### 1.     CEMA Impermissibly Applies to Conduct Occurring Wholly Outside of Washington State.

CEMA does not limit its application to companies sending emails *from* Washington or emails *received in* Washington. Instead, it regulates commercial emails sent “from a computer *located in Washington or* to an electronic mail address that the sender knows, or has reason to know, is *held by a Washington resident*….” RCW 19.190.020(1) (emphasis added). CEMA thus imposes restrictions on a company incorporated in Maryland and based in North Carolina (like Hanes) on its transmission of emails to a person in New York (for example) who is nonetheless a Washington resident. Application of CEMA to these circumstances exceeds the territorial limits of its authority.

In *Sam Francis Found. v. Christies, Inc.*, a California statute regulated sales where “the seller resides in California or the sale takes place in California.” 784 F.3d 1320, 1323 (9th Cir. 2015). Because the statute imposed liability based on *residency* of the seller, the Ninth Circuit determined that “the state statute facially regulates a commercial transaction that ‘takes place wholly outside of the State's borders’” and, thus, violated the dormant Commerce Clause. *Id.*

HANES'S MOTION TO DISMISS
No. 2:25-cv-00440-SAB – 22

1    The same is true for state statutes that directly regulate communications. In

2    *Hartman v. United Bank Card, Inc.*, 291 F.R.D. 591, 599 (W.D. Wash. 2013), the

3    court declined to interpret the Washington telemarketing statute as applying to

4    calls "that were both initiated and received outside the State of Washington"

5    because such an interpretation "would render the statute unconstitutional by virtue

6    of the dormant Commerce Clause." And other courts have done the same. *See*

7    *Publius v. Boyer-Vine*, 237 F. Supp. 3d 997, 1025 (E.D. Cal. 2017); *Am. Librs.*

8    *Ass'n v. Pataki*, 969 F. Supp. 160, 163, 169 (S.D.N.Y. 1997).

9    Further compounding the issue, under CEMA, residency is keyed to whether

10   "information is available, upon request, from the registrant of the internet domain

11   name contained in the recipient's electronic mail address," which may have

12   outdated or inaccurate residency information. *See* RCW 19.190.020(2). In such

13   cases, CEMA purports to directly regulate, for example, the conduct of Hanes

14   sending commercial emails to a California resident who created an email address

15   while attending college in Washington twenty years ago.

16   The rejection of a dormant Commerce Clause challenge to CEMA more than

17   two decades ago in *State v. Heckel*, 143 Wn.2d 824 (2001), is distinguishable.

18   CEMA was enacted in 1999 and *Heckel* was decided in 2001, when people

19   received emails at their home computers via dial-up internet, so their residence was

20   synonymous with the location at which they received emails. The legislative

21   history reflects that CEMA was intended to apply to emails sent to or received

22   from a computer "located in Washington." *See* Staff of S. Comm. on Energy &

23   Utils., 105th Cong., Rep. on S.B. 6434 (Comm. Print 1998), *available at*

HANES'S MOTION TO DISMISS
No. 2:25-cv-00440-SAB – 23

1   https://tinyurl.com/4bpys2wp ("Transmissions of unsolicited electronic mail (e-

2   mail) messages from a computer located in Washington or to a computer located in

3   Washington…."). As a result, the *Heckel* court rejected the dormant Commerce

4   Clause challenge, finding "there is no 'sweeping extraterritorial effect.'" *Heckel*,

5   143 Wn.2d at 838–39 (quoting *Edgar v. MITE Corp.*, 457 U.S. 624, 642 (1982)).

6       But the *Heckel* court did not rule out that CEMA might violate the dormant

7   Commerce Clause if applied to extraterritorial conduct. The court dismissed the

8   mere "hypothetical of a Washington resident who downloads and reads the

9   deceptive spam while in Portland or Denver" because the "hypothetical mistakenly

10  presumes that the Act must be construed to apply to Washington residents when

11  they are out of state, a construction that creates a jurisdictional question not at issue

12  in this case." *Id.* at 839. *Heckel* tacitly acknowledged that, if CEMA applies to

13  messages sent and received wholly outside of Washington, it could exceed the

14  inherent limits of Washington state's authority. Here, Plaintiff does just that,

15  applying CEMA regardless of where the emails were sent or received.

16                  **2.    CEMA Is Invalid as Applied.**

17       CEMA is invalid as applied because Hanes is incorporated in Maryland and

18  located in North Carolina and Plaintiff does not allege she was ***actually within***

19  Washington when she received any of the emails or that the emails were ***sent from***

20  Washington. As a result, Plaintiff's Complaint seeks to apply CEMA to prohibit

21  email initiated and received outside of Washington, which would "regulate directly

22  … commerce wholly outside the State," *Edgar*, 457 U.S. at 643, and thus exceeds

23  the "territorial limits of state authority" under the Constitution and federal caselaw

HANES'S MOTION TO DISMISS
No. 2:25-cv-00440-SAB – 24

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

interpreting it. *Nat'l Pork Producers Council v. Ross*, 598 U.S. 356, 376 n.1 (2023) (describing *Edgar*). Plaintiff's claim is unconstitutional and must be dismissed.

### 3.    CEMA Is Facially Invalid.

CEMA is also facially invalid, as it regulates conduct by a non-Washington company toward a Washington resident, without regard to whether the transaction occurred in Washington. A statute is not immune to facial attack merely because the "statute *could* be applied to purely in-state commercial transactions, which a state may constitutionally regulate." *Nat'l Shooting Sports Found. v. Bonta*, 718 F. Supp. 3d 1244, 1257 (S.D. Cal. 2024), *recons. denied*, 2025 WL 1012326 (S.D. Cal. Mar. 31, 2025). Indeed, "by that logic, a state law policing economic activity *everywhere in the world*—including within the state—would be immune to facial attack." *Id*. Rather, like the statute challenged in *Sam Francis*, CEMA relies on a residency hook to regulate transactions occurring out of state and therefore "facially regulates a commercial transaction that 'takes place wholly outside of the State's borders.'" 784 F.3d at 1323. CEMA is therefore facially invalid. *See id.*

### D.    CEMA Excessively Burdens Interstate Commerce.

CEMA also violates the dormant Commerce Clause by imposing stringent standards to regulate commercial emails nationwide contrary to the intent of Congress expressed in CAN-SPAM. In determining whether to strike down a law for excessively burdening interstate commerce, courts look at (1) whether the state law attempts interstate regulation of a subject of national concern, and (2) the local benefits, if any, of the law. *See Pike v. Bruce Church Inc.*, 397 U.S. 137, 142 (1970). Under both factors, CEMA cannot survive.

HANES'S MOTION TO DISMISS
No. 2:25-cv-00440-SAB – 25

1    As discussed *supra*, Congress rendered commercial email an issue of

2  national concern by passing CAN-SPAM. CEMA's disparate requirements for

3  commercial emails effectively forces out-of-state businesses to assume CEMA's

4  standards apply to each email they send, violating the Commerce Clause. *See Nat'l*

5  *Collegiate Athletic Ass'n v. Miller*, 10 F.3d 633, 639 (9th Cir. 1993) (finding

6  statute unconstitutional under the dormant Commerce Clause where it would force

7  the plaintiff to adopt Nevada's regulations for use in all states). Although CEMA

8  limits its application to emails sent from Washington or email addresses that "*the*

9  *sender knows, or has reason to know*, [are] held by a Washington resident," RCW

10  19.190.020(1) (emphasis added), the statute defines "reason to know" to require

11  out-of-state business to ascertain residency by contacting "the registrant of the

12  internet domain name contained in the recipient's electronic mail address." RCW

13  19.190.020(2). Requiring businesses to contact an email registrar to ascertain the

14  residency for each email address before sending marketing emails is an onerous,

15  disparate burden that cannot be dismissed as a burden of noncompliance. This is

16  the type of burden CAN-SPAM sought to avoid. *See* 15 U.S.C. § 7701(a)(11).

17    Additionally, Washington's local interest in independently regulating

18  misleading email subject lines is comparatively minimal against the backdrop of

19  the federal standard addressing the same type of conduct. While Washington may

20  have a legitimate interest in regulating conduct within its borders, the legislature

21  could draft a more narrowed statute encompassing emails sent from Washington or

22  to someone the sender knows to be in Washington. Instead, Hanes may be forced

23  to apply CEMA's restrictions nationwide to comply. This is the very "projection of

HANES'S MOTION TO DISMISS
No. 2:25-cv-00440-SAB – 26

1   one state regulatory regime into the jurisdiction of another State" that the dormant

2   Commerce Clause protects against. *Healy*, 491 U.S. at 337.

3       **E.    The Court Should Dismiss Plaintiff's CPA Claim.**

4       Finally, because Plaintiff's CEMA claim fails, the Court should dismiss

5   Plaintiff's claim under the CPA. Plaintiff does not allege any of the elements of an

6   independent CPA claim. *See Keodalah v. Allstate Ins. Co.*, 194 Wn.2d 339, 349–50

7   (2019). Instead, she predicates her CPA claim on the alleged CEMA violation. *See*

8   Compl. ¶¶ 115–24. Because Plaintiff fails to allege a CEMA violation, her CPA

9   claim also fails. *See, e.g.*, *Chen v. Sur La Table, Inc.*, 655 F. Supp. 3d 1082, 1093

10  (W.D. Wash. 2023) (CPA claim properly dismissed where plaintiff failed to state

11  CEMA violation); *Virtumundo*, 575 F.3d at 1065–66.

12      **F.    Actual and Treble Damages Are Not Available.**

13      CEMA provides for statutory damages or actual damages, whichever are

14  greater. RCW 19.190.040. Although Plaintiff seeks both statutory and actual

15  damages, she fails to allege ***any*** facts suggesting she sustained actual damages.

16  Accordingly, any claim for actual damages should be dismissed. This also dooms

17  her request for trebling. "The case law is clear that treble damages may only be

18  based upon actual damages." *Sign-O-Lite Signs, Inc. v. DeLaurenti Florists, Inc.*,

19  64 Wn. App. 553, 565 (1992); *see also Mason v. Mortgage Am., Inc.*, 114 Wn.2d

20  842, 855 (1990). The Court should also dismiss her request for treble damages.

21      **V.    CONCLUSION**

22      Plaintiff cannot cure these defects. The Court should dismiss with prejudice.

23  *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

HANES'S MOTION TO DISMISS
No. 2:25-cv-00440-SAB – 27

1   DATED this 12th day of December, 2025.

2                                               DAVIS WRIGHT TREMAINE LLP

3
                                                *s/ Lauren B. Rainwater*
4                                               Lauren B. Rainwater, WSBA #43625
                                                Rachel Herd, WSBA #50339
5                                               Caleah N. Whitten, WSBA #60209
                                                Ardie Ermac, WSBA #60755
6                                               Email: laurenrainwater@dwt.com
7                                               Email: rachelherd@dwt.com
                                                Email: caleahwhitten@dwt.com
8                                               Email: ardieermac@dwt.com

9                                               920 Fifth Avenue, Suite 3300
10                                              Seattle, Washington 98104-1610
                                                Telephone: (206) 622-3150
11                                              Facsimile: (206) 757-7700

12                                              *Attorneys for Hanesbrands Inc.*

13

14

15

16

17

18

19

20

21

22

23

HANES'S MOTION TO DISMISS
No. 2:25-cv-00440-SAB – 28

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of December, 2025, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which in turn automatically generated a Notice of Electronic Filing ("NEF") to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice. There are no non-CM/ECF participants for which service by other means is required.

DATED this 12th day of December, 2025.


By s/ *Lauren B. Rainwater*
    Lauren B. Rainwater, WSBA #43625

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Lauren Rainwater, WSBA #43625
Rachel Herd, WSBA #50339
Caleah N. Whitten, WSBA #60209
Ardie Ermac, WSBA #60755
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206.622.3150
Facsimile: 206.757.7700

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT YAKIMA

JESSICA L. JACKSON, on her own
behalf and on behalf of others similarly
situated,

              Plaintiff,

   v.

HANESBRANDS, INC.,

              Defendant.

No. 2:25-cv-00440-SAB

[PROPOSED] ORDER GRANTING
DEFENDANT HANESBRANDS
INC.'S MOTION TO DIMISS

February 17, 2026
With Oral Argument: 9:00 a.m.
Via Videoconference

THIS MATTER came before the Court on Defendant Hanesbrands Inc.'s ("Hanes") Motion to Dismiss Complaint ("Motion"). Having considered all papers filed in support of and in opposition to the Motion, any oral arguments, all other pleadings, and papers on file, and otherwise being fully advised, the Court rules as follows: Plaintiff Jessica L. Jackson fails to state a claim under Washington's Commercial Electronic Mail Act and Consumer Protection Act.

Accordingly, IT IS HEREBY ORDERED THAT:

1.     Hanes's Motion to Dismiss the Complaint is **GRANTED**; and

[PROPOSED] ORDER GRANTING
HANES'S MOTION TO DISMISS - 1
No. 2:25-cv-00440-SAB

2.    All claims for relief against Hanes are hereby **DISMISSED** with prejudice.


Dated this _____ day of _____, 2026.


_____
Honorable Stanley A. Bastian, Chief Judge
United States District Court


Presented by

DAVIS WRIGHT TREMAINE LLP

By *s/ Lauren Rainwater*
    Lauren B. Rainwater, WSBA #43625
    Rachel Herd, WSBA #50339
    Caleah N. Whitten, WSBA #60209
    Ardie Ermac, WSBA #60755
    Email: laurenrainwater@dwt.com
    Email: rachelherd@dwt.com
    Email: caleahwhitten@dwt.com
    Email: ardieermac@dwt.com

    920 Fifth Avenue, Suite 3300
    Seattle, WA  98104-1610
    Telephone: (206) 622-3150
    Facsimile: (206) 757-7700

    *Attorneys for Hanesbrands Inc.*

[PROPOSED] ORDER GRANTING
HANES'S MOTION TO DISMISS - 2
No. 2:25-cv-00440-SAB

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax