Lauren Rainwater, WSBA #43625
Rachel Herd, WSBA #50339
Caleah N. Whitten, WSBA #60209
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206.622.3150
Email:  laurenrainwater@dwt.com
        rachelherd@dwt.com
        caleahwhitten@dwt.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON
### AT YAKIMA

| | |
|---|---|
| JESSICA L. JACKSON, on her own behalf and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>  and<br><br>STATE OF WASHINGTON,<br>    Plaintiff-Intervenor,<br><br>  v.<br><br>HANESBRANDS, INC.,<br><br>    Defendant. | No. 2:25-cv-00440-SAB<br><br>DEFENDANT HANESBRANDS INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS<br><br>April 23, 2026<br>With Oral Argument: 1:30 p.m.<br>Via Videoconference |

HANES'S REPLY ISO MOTION TO DISMISS
No. 2:25-cv-00440-SAB

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## **TABLE OF CONTENTS**

I.     INTRODUCTION ..................................................................................... 1

II.    ARGUMENT........................................................................................... 2

    A.    Plaintiff Fails to Allege a CEMA Violation...................................... 2

        1.    Plaintiff Does Not Allege She Received All Emails. ............. 2

        2.    The Email Subject Lines Are Not False or Misleading........... 2

        3.    Plaintiff Does Not Allege Hanes Knew Her Residency. ......... 3

    B.    CAN-SPAM Preempts Plaintiff's Broad Application of CEMA. ..... 3

        1.    "Misleading" Is Broader than "Falsity or Deception."............ 3

        2.    Plaintiff Admits She Must Allege Materiality......................... 7

    C.    CEMA Violates the Constitution. ...................................................... 9

        1.    CEMA Regulates Entirely Extraterritorial Conduct............. 10

        2.    CEMA Excessively Burdens Interstate Commerce............... 13

    D.    The Court Should Dismiss Plaintiff's CPA Claim.......................... 15

    E.    Actual and Treble Damages Are Not Available. ............................ 15

III.   CONCLUSION....................................................................................... 15

HANES'S REPLY ISO MOTION TO DISMISS - ii
No. 2:25-cv-00440-SAB

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. King Cnty.*,
164 Wn.2d 640 (2008) ........................................................................................9

*Agnew v. Macy's Retail Holdings, LLC*,
2026 WL 764140 (W.D. Wash. 2026).................................................................6

*Andrews v. Conversion Squared Corp.*,
2020 WL 3978063 (C.D. Cal. 2020) ...................................................................8

*Ashlynn Mktg. v. Pan*,
2025 WL 1953229 (S.D. Cal. 2025).................................................................10

*Asis Internet Servs. v. Consumerbargaingiveaways, LLC*,
622 F. Supp. 2d 935 (N.D. Cal. 2009)................................................................8

*Ass'n for Accessible Meds. v. Bonta*,
766 F. Supp. 3d 1020 (E.D. Cal. 2025) ...................................................1, 11, 13

*Ass'n for Accessible Meds. v. Ellison*,
704 F. Supp. 3d 947 (D. Minn. 2023)...............................................................11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)............................................................................................3

*Bontrager v. Showmark Media LLC*,
2014 WL 12600201 (C.D. Cal. 2014) ................................................................2

*Brown v. Old Navy, LLC*,
4 Wn.3d 580 (2025).........................................................................................3, 7

*Cascade Yarns, Inc. v. Knitting Fever, Inc.*,
2011 WL 3471476 (W.D. Wash. 2011)...............................................................4

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
751 F.3d 990 (9th Cir. 2014) ..............................................................................3

*Ferguson v. Quinstreet, Inc.*,
2008 WL 3166307 (W.D. Wash. 2008)...............................................................6

HANES'S REPLY ISO MOTION TO DISMISS - iii
No. 2:25-cv-00440-SAB

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Gordon v. Impulse Mktg. Grp., Inc.*,
    375 F. Supp. 2d 1040 (E.D. Wash. 2005)..............................................................6

*Gordon v. Virtumundo, Inc.*,
    575 F.3d 1040 (9th Cir. 2009) ...................................................................*passim*

*Harbers v. Eddie Bauer, LLC*,
    415 F. Supp. 3d 999 (W.D. Wash. 2019) ............................................................7

*Harrington v. Vineyard Vines, LLC*,
    2025 WL 3677479 (W.D. Wash. 2025)..............................................................5, 6

*Int'l Franchise Ass'n, Inc. v. City of Seattle*,
    803 F.3d 389 (9th Cir. 2015) ...........................................................................10, 14

*Iowa Pork Producers Ass'n v. Bonta*,
    2024 WL 3158532 (9th Cir. 2024) ......................................................................10

*Jones v. County of San Bernardino*,
    2022 WL 3138880 (C.D. Cal. 2022) ...................................................................15

*Kempf v. FullBeauty Brands Operations, LLC*,
    2026 WL 395677 (W.D. Wash. 2026).........................................................3, 6, 12

*Kousisis v. United States*,
    605 U.S. 114 (2025)..............................................................................................8

*Ma v. Nike, Inc.*,
    2026 WL 100731 (W.D. Wash. 2026)..................................................................5

*MaryCLE, LLC v. First Choice Internet, Inc.*,
    166 Md. App. 481 (Md. Ct. Spec. App. 2006) ..........................................1, 2, 15

*Moss v. U.S. Secret Serv.*,
    572 F.3d 962 (9th Cir. 2009) ...............................................................................2

*Nat'l Shooting Sports Found. v. Bonta*,
    718 F. Supp. 3d 1244 (S.D. Cal. 2024).........................................................11, 12

*National Pork Producers Council v. Ross*,
    598 U.S. 356 (2023)......................................................................................1, 10, 11

HANES'S REPLY ISO MOTION TO DISMISS - iv
No. 2:25-cv-00440-SAB

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Omega World Travel, Inc. v. Mummagraphics, Inc.*,
  469 F.3d 348 (4th Cir. 2006) ...................................................................................14

*Pamela S. v. Bisignano*,
  2025 WL 2399145 (E.D. Wash. 2025) .......................................................................9

*Paris v. Steinberg & Steinberg*,
  828 F. Supp. 2d 1212 (W.D. Wash. 2011) ................................................................15

*Phillips Petroleum Co. v. Shutts*,
  472 U.S. 797 (1985) ..................................................................................................13

*Rocky Mountain Farmers Union v. Corey*,
  730 F.3d 1070 (9th Cir. 2013) ..................................................................................10

*S.D. Myers, Inc. v. City & Cnty. of S.F.*,
  253 F.3d 461 (9th Cir. 2001) ....................................................................................13

*Sam Francis Found. v. Christies, Inc.*,
  784 F.3d 1320 (9th Cir. 2015) ............................................................................*passim*

*Sams v. Yahoo! Inc.*,
  713 F.3d 1175 (9th Cir. 2013) .....................................................................................9

*Shahpur v. Ulta Salon, Cosms. & Fragrance, Inc.*,
  2026 WL 571122 (E.D. Wash. 2026) ...............................................................5, 6, 12

*Silvas v. E\*Trade Mortg. Corp.*,
  514 F.3d 1001 (9th Cir. 2008) .....................................................................................6

*Silverstein v. Keynetics Inc.*,
  2016 WL 7475616 (N.D. Cal. 2016) ...........................................................................7

*State v. Heckel*,
  143 Wn.2d 824 (2001) .........................................................................................14, 15

*Thompson v. United States*,
  604 U.S. 408 (2025)......................................................................................................4

*Wright v. Lyft, Inc.*,
  189 Wn.2d 718 (2017) ...............................................................................................16

HANES'S REPLY ISO MOTION TO DISMISS - v
No. 2:25-cv-00440-SAB

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Zoobuh, Inc. v. Better Broad., LLC.*,
  2013 WL 2407669 (D. Utah 2013)................................................................................4

**Statutes**

15 U.S.C.
  § 7701(a)(11) ...............................................................................................14
  § 7704(a)(2) ...........................................................................................4, 9, 15
  § 7707(b)(1) ...................................................................................................4

RCW
  19.190.020...................................................................................................3
  19.190.020(1)(a), (1)(b) ...................................................................................5
  19.190.020(2)...............................................................................................13
  19.190.040....................................................................................................2

**Other Authorities**

16A Wash. Prac., Tort Law & Practice § 19:3 (5th ed. 2025)..................................8

HANES'S REPLY ISO MOTION TO DISMISS - vi
No. 2:25-cv-00440-SAB

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I.    INTRODUCTION

Plaintiff's and Plaintiff-Intervenor State of Washington's (the "State") oppositions fail to overcome the defects exposed in Plaintiff's Complaint.

*First*, Plaintiff does not dispute she failed to allege that: (1) she received most of the emails at issue, (2) any promotion was predetermined to be extended, or (3) Hanes had reason to know *her* email address belonged to a Washington resident. As a result, her Washington Commercial Electronic Mail Act ("CEMA") claim fails.

*Second*, Plaintiff and the State fail to show that Plaintiff's allegations fall within CAN-SPAM's narrow preemption exception. Plaintiff fails to allege traditional tort elements, including materiality—which she and the State concede is required to avoid preemption.

*Third*, Plaintiff and the State overread *National Pork Producers Council v. Ross*, 598 U.S. 356 (2023). *National Pork* did not disturb "the precedent set in *Sam Francis*" or "the *Baldwin-Healy* line of cases." *Ass'n for Accessible Meds. v. Bonta*, 766 F. Supp. 3d 1020, 1033 (E.D. Cal. 2025), *appeal filed*, No. 25-1694 (9th Cir. 2025). This means states cannot—as CEMA does—***regulate wholly out-of-state conduct***. *Sam Francis Found. v. Christies, Inc.*, 784 F.3d 1320, 1323 (9th Cir. 2015).

*Fourth*, CEMA is unconstitutional because its nationwide deterrent effect on commercial emails is excessive compared to any putative local benefits.

*Fifth*, Plaintiff concedes her Washington Consumer Protection Act ("CPA") claim rests on her failed CEMA claim. *See* ECF No. 23 ("Pltf-Opp.") at 25.

HANES'S REPLY ISO MOTION TO DISMISS - 1
No. 2:25-cv-00440-SAB

*Sixth*, Plaintiff does not dispute that she failed to allege any facts supporting a claim for actual damages, which dooms her claim for treble damages.

## II.    ARGUMENT

### A.    Plaintiff Fails to Allege a CEMA Violation.

#### 1.    Plaintiff Does Not Allege She Received All Emails.

Plaintiff does not dispute she does not allege receipt of all emails at issue in the Complaint. Pltf-Opp. 10. Instead, she argues the emails she did not receive "illustrate" a "scheme" of misleading emails, asking the Court to elide her specific allegations without support. *Id.* But on a motion to dismiss, the Court **must** look at Plaintiff's individual CEMA claim. *See Moss v. U.S. Secret Serv.*, 572 F.3d 962, 970 (9th Cir. 2009). Under CEMA, Plaintiff can only bring claims for emails she received. RCW 19.190.040. So Plaintiff cannot assert a CEMA violation as to the eleven emails she does not allege she received. *See* Compl. ¶¶ 97, 100.

#### 2.    The Email Subject Lines Are Not False or Misleading.

*First*, on a motion to dismiss, the Court can and should evaluate whether the email subject lines at issue are false or misleading on their face. *See Bontrager v. Showmark Media LLC*, 2014 WL 12600201, at *3 (C.D. Cal. 2014).

*Second*, while Plaintiff concedes that "[e]xtending a promotion does not violate CEMA," she argues that lying about such deadlines does. Pltf-Opp. 11. But Plaintiff fails to cite *any* such allegation in the Complaint. Plaintiff does not dispute that she failed to allege Hanes predetermined any reoffered or extended promotion. *Id.* Instead, Plaintiff argues the Court must ignore plausible alternative explanations and draw all inferences in her favor. But, on a Rule 12 motion,

HANES'S REPLY ISO MOTION TO DISMISS - 2
No. 2:25-cv-00440-SAB

Plaintiff must allege facts to "nudge[] [her] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requires more than allegations "merely consistent" with a favored theory—Plaintiff must include facts tending to exclude alternative explanations. *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996–97 (9th Cir. 2014).

**Third**, the "last chance" phrasing Plaintiff relies on is **not** "a statement of fact," Pltf-Opp. 12—it is hyperbole and inactionable puffery. *Brown v. Old Navy, LLC*, 4 Wn.3d 580, 596 (2025).

### 3. Plaintiff Does Not Allege Hanes Knew Her Residency.

Plaintiff's Opposition does not dispute—and thus concedes—that she fails to allege that Hanes knew or had reason to know *her* email address belonged to a Washington resident as required by CEMA. RCW 19.190.020. Instead, Plaintiff cites to ways Hanes "could" or "may" identify location information generally without ever tying those allegations to herself. For example, Plaintiff speculates Hanes may obtain residency information from customer purchases, but she does not allege she ever made one. Compl. ¶ 85. Her claim fails as a result.[1]

### B. CAN-SPAM Preempts Plaintiff's Broad Application of CEMA.

### 1. "Misleading" Is Broader than "Falsity or Deception."

Because CEMA reaches subject lines that are merely "misleading," it

---

[1] By contrast, the plaintiff in *Kempf v. FullBeauty Brands Operations, LLC*, 2026 WL 395677, at *2 (W.D. Wash. 2026), specifically alleged defendant could tie *her residency* to her email address through various methods.

HANES'S REPLY ISO MOTION TO DISMISS - 3
No. 2:25-cv-00440-SAB

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

regulates conduct broader than the "falsity or deception" CAN-SPAM allows states to police. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1062–63 (9th Cir. 2009). Plaintiff and the State conflate "misleading" with "falsity or deception," even though those terms are not interchangeable and federal courts recognize that falsity and deception require more than merely misleading information:

- "***When an advertisement is*** not literally false, but is ***misleading***, *'****proof that the advertising actually conveyed the implied message and thereby deceived*** a significant portion of the recipients becomes critical.'" *Cascade Yarns, Inc. v. Knitting Fever, Inc.*, 2011 WL 3471476, at *4 (W.D. Wash. 2011) (emphasis added) (citation omitted).

- "Though the language is similar to the CAN–SPAM Act, the California code has been defined as ***prohibitive of 'deceptive' header information only, thereby creating a more onerous burden on a plaintiff than the 'materially misleading' standard*** of the CAN–SPAM Act and thereby avoiding pre-emption by the CAN–SPAM Act." *Zoobuh, Inc. v. Better Broad., LLC.*, 2013 WL 2407669, at *5 (D. Utah 2013) (emphasis added).

- "[F]alse and misleading are two different things. … ***[B]asic logic dictates that at least some misleading statements are not false***." *Thompson v. United States*, 604 U.S. 408, 413 (2025) (emphasis added).

Even CAN-SPAM treats "false," "misleading," and "deceptive" as distinct. *See* 15 U.S.C. §§ 7704(a)(2), 7707(b)(1) (omitting "misleading" from the savings clause while using it elsewhere with the requirement that the sender ***knowingly*** sends a subject line that would "likely" "mislead a recipient" "about a material fact"). Congress's decision to limit liability for a misleading subject line to circumstances where (i) the sender has knowledge of the potential to mislead and (ii) the subject line pertains to a material fact further supports a holding that CEMA's strict liability structure is preempted. *Virtumundo*, 575 F.3d at 1063.

The Ninth Circuit's decision in *Virtumundo* also recognizes the distinction

HANES'S REPLY ISO MOTION TO DISMISS - 4
No. 2:25-cv-00440-SAB

between "misleading" and "deceptive." There, the Ninth Circuit examined CEMA in its entirety, discussing ***both*** Subsection 1(a) and Subsection 1(b) in holding that a defendant's practices must be ***actually deceptive*** for a CEMA claim to be excepted from preemption. *See id.* at 1064. Looking to Washington law, the Ninth Circuit analyzed "misrepresent"—the standard used in Subsection 1(a)—as "representing incorrectly: to give a false, imperfect or ***misleading*** representation." *Id.* at 1059 (emphasis added) (citation omitted). It concluded these "broad definitions extend CEMA's prohibitive reach and purport to regulate a vast array of non-deceptive acts and practices" and for that reason, the plaintiff's claim under Subsection 1(a) was preempted. *Id.*

The same logic applies to Subsection 1(b), as both subsections invoke a bare "misleading" standard. *Compare* RCW 19.190.020(1)(a) (forbidding header information that "misrepresents or obscures"), *with id.* (1)(b) (forbidding subject lines with "false or misleading information"). Like the word "misrepresent," the word "mislead" reaches email subject lines that are neither false nor deceptive.[2]

---

[2] For these reasons, the recent orders in this and the Western District respectfully erred in holding *Virtumundo*'s reasoning was limited to Subsection 1(a). *See Shahpur v. Ulta Salon, Cosms. & Fragrance, Inc.*, 2026 WL 571122, at *3–4 (E.D. Wash. 2026); *Harrington v. Vineyard Vines, LLC*, 2025 WL 3677479, at *1 (W.D. Wash. 2025); *Ma v. Nike, Inc.*, 2026 WL 100731, at *2 (W.D. Wash. 2026); *Kempf*, 2026 WL 395677, at *4; *Agnew v. Macy's Retail Holdings, LLC*, 2026 WL 764140, at *1 (W.D. Wash. 2026).

HANES'S REPLY ISO MOTION TO DISMISS - 5
No. 2:25-cv-00440-SAB

Thus, under the logic of *Virtumundo*, claims under Subsection 1(b) based on subject lines that are merely "misleading" are preempted.

Preemption turns on the specific claim Plaintiff pleads, not merely the statute's elements. *See Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d 1001, 1006 (9th Cir. 2008) (a state law claim is preempted "as applied" if the claim pled is preempted, even if the statute may be valid in other circumstances); *Ferguson v. Quinstreet, Inc.*, 2008 WL 3166307, at \*9 (W.D. Wash. 2008) (granting summary judgment on CEMA claim because evidence at most showed "bare error"), *aff'd sub nom., Ferguson v. Active Response Grp.*, 348 F. App'x 255 (9th Cir. 2009).[3] Because Plaintiff does not sufficiently plead the email subject lines here are deceptive or false, *supra* Section II.A.2, at most, they could be construed as misleading or "giv[ing] a wrong impression." *Mislead*, Merriam Webster, https://www. merriam-webster.com/ dictionary/mislead (last accessed Mar. 3, 2026); *see* Pltf-Opp. 10 ("A statement may be literally true but nevertheless

---

[3] In holding CEMA's subject-line provision is not preempted by CAN-SPAM, the *Harrington, Kempf,* and *Ulta* courts followed the outdated, text-only analysis from *Gordon v. Impulse Mktg. Grp., Inc.*, 375 F. Supp. 2d 1040 (E.D. Wash. 2005). *See Harrington*, 2025 WL 3677479, at \*1; *Kempf*, 2026 WL 395677, at \*4; *Ulta*, 2026 WL 571122, at \*4. But the *Virtumundo* court rejected that analysis and attendant holding that Subsections 1(a) and 1(b) were not preempted, instead requiring additional scrutiny of the underlying allegations, and holding Subsection 1(a) was preempted ***based on the claims alleged***. *Virtumundo*, 575 F.3d at 1059, 1063–64.

HANES'S REPLY ISO MOTION TO DISMISS - 6
No. 2:25-cv-00440-SAB

actionably misleading ….'").[4] Plaintiff's CEMA claim is preempted.

## 2.    Plaintiff Admits She Must Allege Materiality.

Plaintiff admits she must show "some degree of materiality" to escape preemption. Pltf-Opp. 16; *cf.* Dkt. 28 ("State-Opp.") at 15 (citing cases finding claims premised on materially misleading statements evaded preemption). Yet she argues materiality is purely objective and irrelevant to her own experience. Her cited authority says otherwise.[5] Pltf-Opp. 16, citing *Silverstein v. Keynetics Inc.*, 2016 WL 7475616, at *4 (N.D. Cal. 2016) (emphasis added) (holding false names in email headers immaterial because plaintiff did "not allege that the individuals listed in the 'from' name fields were actually known to ***him***"), *aff'd*, 727 F. App'x 244, 246 (9th Cir. 2018) (claim preempted by CAN-SPAM because plaintiff did not "allege that the 'from' names deceived ***him***"). Plaintiff and the State reiterate

---

[4] The State's citation to *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999 (W.D. Wash. 2019)—a case from before *Brown* expanded CEMA liability and which did not address CAN-SPAM—is irrelevant.

[5] The State twists the *Brown* decision, noting it "held CEMA's subject line provision addresses ***deceptive*** 'representations of fact … Washington residents ***would depend on*** in making their consumer decisions.'" State-Opp. 14 (emphasis added) (quoting *Brown*, 4 Wn.3d at 596). But *Brown* expanded liability for "*any false or misleading information*" in subject lines. 4 Wn.3d at 596; *see id.* at 593. *Brown*'s majority opinion does not mention CAN-SPAM at all and did not "harmonize[] CEMA with CAN-SPAM." State-Opp. 14.

HANES'S REPLY ISO MOTION TO DISMISS - 7
No. 2:25-cv-00440-SAB

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

this point further by citing to cases involving a California anti-spam statute that requires materiality *and* knowledge by the defendant.[6]

Plaintiff ultimately asks the Court to employ the materiality standard from *Kousisis v. United States*, 605 U.S. 114 (2025), and claims her "perspective adds little to the analysis the Supreme Court has said applies." Pltf-Opp. 19. But this ignores *Kousisis*'s teaching that materiality "[r]esembl[es] a but-for standard, … ask[ing] whether the misrepresentation 'constitut[ed] an inducement or motive' to enter into a transaction." 605 U.S. at 131 (citation omitted). Thus, Plaintiff's perspective is key even under *Kousisis* (which did not define "materiality").

Even under Plaintiff's objective materiality standard, the claim fails because "[a] material fact is one that not only influences and affects the transaction, but also goes to its *very essence and substance*." 16A Wash. Prac., Tort Law & Practice § 19:3 (5th ed. 2025) (emphasis added). Unlike quality, price, or quantity, a consumer's decision to make a purchase at the beginning or end of a sale has no impact on the essence of the bargain: either way, they receive the same deal.[7]

---

[6] *E.g.*, *Asis Internet Servs. v. Consumerbargaingiveaways, LLC*, 622 F. Supp. 2d 935, 941 (N.D. Cal. 2009); *Andrews v. Conversion Squared Corp.*, 2020 WL 3978063, at *2–3 (C.D. Cal. 2020).

[7] While Plaintiff claims Hanes's preemption and constitutionality arguments flip the pleading burden, she concedes dismissal is appropriate where, as here, the "'allegations in the complaint suffice to establish' the defense." *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013).

HANES'S REPLY ISO MOTION TO DISMISS - 8
No. 2:25-cv-00440-SAB

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### a.    Plaintiff Cannot Allege Knowledge or Adverse Effect.

In conceding materiality is necessary to avoid preemption, Plaintiff and the State implicitly recognize that a claim must satisfy elements of "traditional tort theories" to evade preemption. *Virtumundo*, 575 F.3d at 1061–63. Yet Plaintiff does not address her injury and makes circular arguments regarding knowledge.

*No Injury.* Plaintiff does not address Hanes's injury argument, conceding it. *Pamela S. v. Bisignano*, 2025 WL 2399145, at *4 (E.D. Wash. 2025) (court may treat argument "as conceded" if "party fails to counter" it).

*No Knowledge.* Despite conceding "[e]xtending a promotion does not violate CEMA," Plaintiff asserts Hanes's "knew its subject lines were false" because it later extended sales or offered similar ones. Pltf-Opp. 11, 18. This falls well short of the knowledge required under CAN-SPAM or the common law. *See* 15 U.S.C. § 7704(a)(2) (requiring "actual knowledge, or knowledge fairly implied on the basis of objective circumstances, that a subject heading of the message would be likely to mislead a recipient"); *Adams v. King Cnty.*, 164 Wn.2d 640, 662 (2008) (common law requires "the speaker's knowledge of … falsity").

### C.    CEMA Violates the Constitution.

Plaintiff and the State invent their own rule: that the dormant Commerce Clause applies "only" to state laws that "discriminate in favor of their own residents and economic interests." State-Opp. 17; *see* Pltf-Opp. 21. But the Supreme Court in *National Pork* acknowledged that it "has left the 'courtroom door open' to [dormant Commerce Clause] challenges premised on 'even nondiscriminatory burdens.'" 598 U.S. at 379–80 (citation omitted). And the

HANES'S REPLY ISO MOTION TO DISMISS - 9
No. 2:25-cv-00440-SAB

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

State's own authority notes discrimination is not required: "Absent discrimination, we will uphold the law 'unless the burden imposed on [interstate] commerce is clearly excessive in relation to the putative local benefits.'" *Int'l Franchise Ass'n, Inc. v. City of Seattle*, 803 F.3d 389, 399 (9th Cir. 2015) (quoting *Rocky Mountain Farmers Union v. Corey*, 730 F.3d 1070, 1087–88 (9th Cir. 2013)).

The Supreme Court left intact the "three theories" under which states can violate the dormant Commerce Clause: "(1) discrimination, (2) extraterritorial regulation, and (3) excessive burden on interstate commerce." *Ashlynn Mktg. v. Pan*, 2025 WL 1953229, at \*2 (S.D. Cal. 2025). Plaintiff's CEMA claim fails because: (1) she seeks to regulate entirely extraterritorial conduct; and (2) CEMA imposes excessive burdens on interstate commerce.

### 1.    CEMA Regulates Entirely Extraterritorial Conduct.

#### a.    *National Pork* Did Not Overturn the Prohibition on State Regulation of Entirely Extraterritorial Conduct.

The State wrongly asserts that *National Pork* overruled *Healy* or nullified cases like *Hartman*. State-Opp. 18–22. The fractured *National Pork* decision[8] merely dispelled a *per se* rule against state laws with extraterritorial *effects*. But CEMA regulates the act of sending an email based solely on the recipient's residency—regardless of where the recipient is physically located—thereby *directly regulating* conduct occurring *wholly outside* of Washington. Under

---

[8] With no "single rationale" for this "fractured decision," only the specific result in is binding. *Iowa Pork Producers Ass'n v. Bonta*, 2024 WL 3158532, at \*2, \*3 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 2866 (2025).

HANES'S REPLY ISO MOTION TO DISMISS - 10
No. 2:25-cv-00440-SAB

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

binding Ninth Circuit precedent this is unlawful.

The *National Pork* Court was asked "to fashion two new and more aggressive constitutional restrictions" in the context of a statute regulating only products sold "within" California. 598 U.S. at 364, 376 n.1. It did not address a law directly regulating wholly out-of-state conduct. *See id.* Several courts have recognized this distinction and concluded that *National Pork* left intact precedent addressing state laws that directly regulate out-of-state transactions:

- The "Supreme Court did not curtail the *Baldwin-Healy* line of cases" and courts in this Circuit still "follow[] the precedent set in *Sam Francis* and *Sharpsmart*." *Bonta*, 766 F. Supp. 3d at 1033.

- *National Pork* "did not disturb the constitutional bar on state laws that 'directly regulate out-of-state transactions by those with ***no*** connection to the State.'" *Nat'l Shooting Sports Found. v. Bonta*, 718 F. Supp. 3d 1244, 1256 n.1 (S.D. Cal. 2024) (citation modified) (emphasis added), *reconsideration denied*, 2025 WL 1012326 (S.D. Cal. Mar. 31, 2025).

- *National Pork* "did not change the rule that a state may not directly regulate transactions that take place wholly outside the state and have no connection to it." *Ass'n for Accessible Meds. v. Ellison*, 704 F. Supp. 3d 947, 953 (D. Minn. 2023), *aff'd*, 140 F.4th 957 (8th Cir. 2025).

The Supreme Court in *National Pork* declined to vitiate the longstanding principle that state laws may not "regulate[] out-of-state transactions." 598 U.S. at 376 n.1. Thus, the *Baldwin-Healy* line of cases—and the Ninth Circuit's decision in *Sam Francis*—still stands and makes clear that a state may not regulate transactions occurring wholly outside its borders.

### b.    *Sam Francis Freedom Foundation* **Applies Here.**

Plaintiff and the State mischaracterize Hanes as challenging CEMA's

HANES'S REPLY ISO MOTION TO DISMISS - 11
No. 2:25-cv-00440-SAB

extraterritorial *effect*. Pltf-Opp. 24; State-Opp. 11. But CEMA applies to emails sent to Washington residents even when they are located elsewhere, thus regulating wholly out-of-state transactions. *Sam Francis*, 784 F.3d at 1323 (invalidating statute that "ha[d] no necessary connection with the state *other than the residency of the seller*") (emphasis added).[9] Nor is this a "hypothetical[]" situation, State-Opp. 18; Plaintiff *in this case* fails to allege she was in Washington when she received any email and seeks to represent a class of Washington citizens who received emails regardless whether they were in Washington at the time of receipt. And in a facial dormant Commerce Clause challenge, "[s]o long as the statutory language *applied* to analyze that scenario—on its face—offends the Constitution, the law must fall." *Nat'l Shooting Sports Found.*, 718 F. Supp. 3d at 1257.

The State also insists that Washington may apply CEMA to residents who are "temporarily outside the state[]" because Washington "has a state interest in protecting its consumers." State-Opp. 21. But Ninth Circuit precedent has already rejected this residency hook. *See Sam Francis*, 784 F.3d at 1323 (ignoring benefit of California statute in holding it "violates the dormant Commerce Clause" despite being limited to transactions where "*the seller resides in California* or the sale takes place in California") (emphasis added) (citation modified).

And contrary to the State's assertion, *Phillips Petroleum Co. v. Shutts*,

---

[9] The *Kempf* and *Ulta* courts did not address *Sam Francis* and conflated *National Pork*'s holding that there is no ban on extraterritorial *effects* with the regulation of entirely extraterritorial *conduct*. 2026 WL 395677, at *6; 2026 WL 571122, at *5.

HANES'S REPLY ISO MOTION TO DISMISS - 12
No. 2:25-cv-00440-SAB

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

472 U.S. 797, 819 (1985), did not hold that a state can rely on a residency hook to regulate wholly out-of-state conduct. *Id.* at 819, 822–23. Rather, the Supreme Court "***reverse[d]*** [the state court's] judgment insofar as it held that Kansas law was applicable to all of the transactions which it sought to adjudicate" even though the defendant "own[ed] property and conduct[ed] substantial business in the State." *Id.* (emphasis added). Indeed, a California federal court has already rejected a nearly identical, post-*National Pork* attempt to evade the extraterritoriality restriction. *See Ass'n for Accessible Meds. v. Bonta*, 766 F. Supp. 3d at 1033–34. [10]

Because Plaintiff fails to allege she was in Washington when she received any email, CEMA is invalid as applied. CEMA is also facially invalid because "no set of circumstances exists under which [it] would be valid." *S.D. Myers, Inc. v. City & Cnty. of S.F.*, 253 F.3d 461, 467 (9th Cir. 2001). Like the statute in *Sam Francis*, CEMA regulates out-of-state transactions based solely on a party's residency and thus "facially regulates a commercial transaction that 'takes place wholly outside of the State's borders.'" 784 F.3d at 1323 (citation omitted).

### 2.     CEMA Excessively Burdens Interstate Commerce.

A statute may still be unconstitutional absent discrimination and

---

[10] While the State accuses Hanes of "ignor[ing] the plain language of CEMA," State-Opp. 18, this disregards Hanes's argument that CEMA's residency hook (i.e., its text) renders it unconstitutional. CEMA also sweeps in ***former*** Washington residents, as its knowledge requirement can be met through third-party records, which may be outdated. RCW 19.190.020(2).

HANES'S REPLY ISO MOTION TO DISMISS - 13
No. 2:25-cv-00440-SAB

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

extraterritorial regulation if "the burden imposed on interstate commerce is clearly excessive in relation to the putative local benefits." *Int'l Franchise Ass'n, Inc.*, 803 F.3d at 399 (citation modified) (citation omitted) (cited by State-Opp. 17). CEMA imposes such excessive burdens. Hanes challenges not only compliance costs but also the "deterrent effect on commercial speech" created by its "enormous statutory damages"—an "important interest[]" the Fourth Circuit recognized alongside the difficulty businesses face in determining where Internet users are located. *Omega World Travel, Inc. v. Mummagraphics, Inc.*, 469 F.3d 348, 356 (4th Cir. 2006).

Given the nature of email, CEMA's residency requirement does not limit its nationwide burdens. *Contra* State-Opp. 18. As Congress recognized, "since an electronic mail address does not specify a geographic location, it can be extremely difficult for law-abiding businesses to know with which of the[] disparate [state] statutes they are required to comply." 15 U.S.C. § 7701(a)(11). A "single e-mail could instantaneously implicate the laws of multiple jurisdictions as it journeys through cyberspace." *Virtumundo*, 575 F.3d at 1063. Plaintiff's appeal to *State v. Heckel*, 143 Wn.2d 824 (2001)—a dial-up internet era decision predating CAN-SPAM—fails to account for that significant modern interest.[11] *See* Mot. 24–25.

Especially in contrast to the burdens, CEMA's putative local benefits are minimal. The State focuses on consumer protection, but Congress has already

---

[11] *MaryCLE, LLC v. First Choice Internet, Inc.*, 166 Md. App. 481 (Md. Ct. Spec. App. 2006), significantly relied on *Heckel* and thus fails to help the State.

HANES'S REPLY ISO MOTION TO DISMISS - 14
No. 2:25-cv-00440-SAB

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

enacted a law that regulates and clearly defines the contours of "misleading" email subject lines and cautioned against conflicting, piecemeal state enforcement. Washington's local interest in independently regulating misleading email subject lines is comparatively minimal against the backdrop of an existing federal standard addressing the same type of conduct. *See* 15 U.S.C. § 7704(a)(2).

CEMA is further unconstitutional under the dormant Commerce Clause given its excessive burden on interstate commerce.

### D.    The Court Should Dismiss Plaintiff's CPA Claim.

Plaintiff acknowledges her CPA claim rests on her CEMA claim. *See* Pltf-Opp. 25. Plaintiff's CEMA claim fails, so her CPA claim fails too. Mot. 27.

### E.    Actual and Treble Damages Are Not Available.

Plaintiff does not dispute that she alleges ***no*** facts supporting actual damages or that treble damages are permitted only upon awards of actual damages. Instead, she merely argues without support the issue is "premature." Pltf-Opp. 25. Courts routinely dismiss requests for damages that lack sufficient factual support. *Paris v. Steinberg & Steinberg*, 828 F. Supp. 2d 1212, 1217 (W.D. Wash. 2011); *Jones v. County of San Bernardino*, 2022 WL 3138880, at *7 (C.D. Cal. 2022).[12]

### III.    CONCLUSION

For the foregoing reasons, the Court should dismiss with prejudice.

---

[12] Plaintiff's attempt to distinguish Hanes's caselaw disregards that her only route to damages—actual or treble—is through the CPA because CEMA does not have a private right of action. *Wright v. Lyft, Inc.*, 189 Wn.2d 718, 727 (2017).

HANES'S REPLY ISO MOTION TO DISMISS - 15
No. 2:25-cv-00440-SAB

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 20th day of March, 2026.

DAVIS WRIGHT TREMAINE LLP

s/ *Rachel Herd*
Lauren B. Rainwater, WSBA #43625
Rachel Herd, WSBA #50339
Caleah N. Whitten, WSBA #60209
Email: laurenrainwater@dwt.com
Email: rachelherd@dwt.com
Email: caleahwhitten@dwt.com

920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Telephone: (206) 622-3150
Facsimile: (206) 757-7700

*Attorneys for Hanesbrands Inc.*

HANES'S REPLY ISO MOTION TO DISMISS - 16
No. 2:25-cv-00440-SAB

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of March, 2026, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which in turn automatically generated a Notice of Electronic Filing ("NEF") to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice. There are no non-CM/ECF participants for which service by other means is required.

DATED this 20th day of March, 2026.

By  s/ *Rachel Herd*
Rachel Herd, WSBA #50339

HANES'S REPLY ISO MOTION TO DISMISS - 17
No. 2:25-cv-00440-SAB

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax