FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 28, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JESSICA L. JACKSON, on her own behalf and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> and <br><br> STATE OF WASHINGTON, <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> HANESBRANDS, INC., <br><br> Defendant. | No. 2:25-CV-00440-SAB <br><br> **ORDER DENYING MOTION TO DISMISS** |

Before the Court is Defendant's Motion to Dismiss, ECF No. 16. A hearing on the motion was held on April 23, 2026, over videoconference. Plaintiff was represented by Michael C. Tackeff. The State of Washington was represented by Benjamin Brysacz and Claire E. McNamara. Defendant was represented by Caleah N. Whitten, Rachel Herd, and Lauren Rainwater.

On October 7, 2025, Plaintiff filed her Complaint in the Spokane County Superior Court. Defendant removed the action to the Eastern District of Washington on November 5, 2025. On February 10, 2026, the Court granted the State of Washington's Stipulated Motion to Intervene.

**ORDER DENYING MOTION TO DISMISS** * 1

Defendant is incorporated in Maryland with its principal place of business in North Carolina. It advertises promotions through regular email marketing campaigns. Plaintiff is a resident of Washington. Plaintiff asserts Defendant violated Washington's Commercial Electronic Mail Act (CEMA) by sending emails which misrepresent the timing of promotions on free shipping and discounted items. Plaintiff further alleges Defendant violated the Consumer Protection Act (CPA) based on this alleged violation of CEMA, as a violation of CEMA is a *per se* violation of the CPA. Plaintiff asserts Defendant's email promotions lures in consumers through urgent subject headings in emails that do not reflect the true availability of the deal itself. The Operative Complaint identifies 14 allegedly false or misleading subject lines. Plaintiff alleges the email subject lines misrepresent the timing of deals and harm consumers by creating a false sense of urgency to act, because Defendant ended a promotion and later offered a similar one or extended promotions based on business considerations.

Defendant asserts Plaintiff's Complaint should be dismissed because: (1) Plaintiff fails to allege facts supporting several elements of her claim under CEMA; (2) CEMA is preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing Act (CAN-SPAM), as CEMA's prohibition of "misleading" email subject lines falls outside CAN-SPAM's narrow allowance for laws that prohibit falsity or deception, and Plaintiff's allegations fall short of falsity or deception; (3) CEMA is unconstitutional facially and as applied, as its requirement for out-of-state entities to identify individuals currently located or residing in Washington creates a nationwide standard for commercial email, which burdens interstate commerce and, as applied, Plaintiff fails to allege she was located in Washington when she received the emails at issue; (4) Plaintiff's CPA claim is premised entirely on her CEMA claim, and both claims fail; and (5) Plaintiff fails to allege any facts supporting her claims for actual and treble damages under both CEMA and CPA.

**ORDER DENYING MOTION TO DISMISS * 2**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the pleading contains sufficient factual allegations that enable the court to reasonably infer that the defendant could be liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). When evaluating a Rule 12(b)(6) motion, the court must draw all reasonable inferences in favor of the non-moving party. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept conclusory allegations as true or to accept any unreasonable inferences in a complaint. *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1054 (9th Cir. 2008).

CEMA is a Washington statute that imposes liability on any person who initiates or conspires to initiate the transmission of an email "to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that… [c]ontains false or misleading information in the subject line." Wash. Rev. Code § 19.190.020(1)(b). Although CEMA does not authorize a private right of action, a violation of CEMA is a *per se* violation of the CPA. *State v. Heckel*, 143 Wash. 2d 824, 828 (2001); Wash. Rev. Code § 19.190.030(1), 19.190.100, ch. 19.86 *et seq*.

The CPA provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Wash. Rev. Code § 19.86.020.

Congress enacted CAN-SPAM to establish a uniform standard regarding spam control. *Beyond Sys., Inc. v. Kraft Foods, Inc.*, 777 F.3d 712, 717 (4th Cir. 2015). CAN-SPAM provides a comprehensive standard to regulate commercial

**ORDER DENYING MOTION TO DISMISS * 3**

email messaging practices and broadly preempted state regulation of commercial email with limited, narrow exceptions. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1061-63 (9th Cir. 2009). The exception: state laws that prohibit falsity or deception in any portion of a commercial email. 15 U.S.C. § 7707(b)(1).

In general, the dormant commerce clause is meant to prevent states from imposing economic protectionism. 2 TREATISE ON CONST. L. § 11.1. Courts apply a two-tiered approach to determine if a law violates the dormant commerce clause. Laws that discriminate against interstate commerce or directly regulate extra-territorial conduct are generally struck down. *Nat'l Pork Producers Council v. Ross*, 456 F. Supp. 3d 1201, 1207 (S.D. Cal. 2020), *aff'd*, 6 F.4th 1021 (9th Cir. 2021), *aff'd*, 598 U.S. 356 (2023). A law that regulates even-handedly to protect a legitimate local interest with only incidental effects on interstate commerce will be upheld. *Id*. A state law violates the dormant commerce clause when it discriminates in favor of the state's own residents and economic interests, to the detriment of out of state residents or interests. *Int'l Franchise Ass'n, Inc. v. City of Seattle*, 803 F.3d 389, 399 (9th Cir. 2015).

Plaintiff alleges sufficient facts to support her CEMA claim, and subsequently her CPA claim, against Defendant. She asserts Defendant initiates the sending of emails to consumers it has reason to know are owned by Washington residents and those emails contain misleading information regarding the urgency of deals in the subject line. Whether Defendant was on notice of Plaintiff's status as a Washington resident and whether the email subject headings were false or misleading are factual issues best suited for resolution by the trier of fact. As a violation of CEMA is a *per se* violation of the CPA, Plaintiff has sufficiently alleged facts to state a plausible claim of relief under the CPA.

Turning to Defendant's assertion that CEMA is preempted by CAN-SPAM, courts have already determined that CEMA's regulation of "false or

**ORDER DENYING MOTION TO DISMISS * 4**

misleading" email contents falls squarely within CAN-SPAM's exception for state laws that regulate falsity or deception. *Harrington v. Vineyard Vines, LLC*, 813 F.Supp.3d 1218, 1220 (W.D. Wash. 2025); *Ma v. Nike, Inc.*, No. C25-1235JLR, 2026 WL 100731 at 3 (W.D. Wash. 2026).

Next, CEMA does not violate the United States Constitution. *Heckel*, 143 Wash.2d at 839. CEMA's central requirement is that companies communicating with Washington residents be truthful in their communications. *Id*. Any requirement imposed by CEMA applies equally to any company, regardless of their location, and the statute hinges on the contact those companies make with Washington residents. *Id*. Extraterritorial effects alone do not violate the dormant commerce clause, there must be some competitive disadvantage to out-of-state entities as compared to in-state entities. *Nat'l Pork Producers*, 598 U.S. at 375.

Lastly, Plaintiff alleges sufficient facts for her claims for damages to survive a motion to dismiss.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Defendant's Motion to Dismiss, ECF No. 16, is **DENIED**.

**IT IS SO ORDERED.** The Clerk of Court is hereby directed to file this Order and provide copies to counsel.

**DATED** this 28th day of April 2026.



_____
Stan Bastian
Chief United States District Judge

**ORDER DENYING MOTION TO DISMISS * 5**