Lauren Rainwater, WSBA #43625
Rachel Herd, WSBA #50339
Caleah N. Whitten, WSBA #60209
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206.622.3150
Facsimile: 206.757.7700

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT YAKIMA

| | |
|---|---|
| JESSICA L. JACKSON, on her own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HANESBRANDS, INC.,<br><br>Defendant. | No. 2:25-cv-00440-SAB<br><br>DEFENDANT HANESBRANDS INC.'S, ANSWER TO COMPLAINT |

Defendant Hanesbrands Inc. ("Hanesbrands") files this answer to Plaintiff Jessica L. Jackson's Class Action Complaint ("Complaint"). To the extent that any allegation in the Complaint is not specifically admitted, the allegation is denied. Defendant answers the corresponding numbered paragraphs of the Complaint as follows:

## I. INTRODUCTION

1. In 1998, to protect Washington consumers from the annoyance and harassment caused by the burgeoning spam email industry, the Washington State Legislature enacted the Commercial Electronic Mail Act (CEMA), codified at



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

chapter 190 of title 19 of the Revised Code of Washington (RCW).

**ANSWER:** Paragraph 1 contains legal conclusions to which no response is required. To the extent a response is required, Hanesbrands denies the allegations.

2. Among other things, CEMA prohibits transmitting a commercial email with "false or misleading information in the subject line" to the email address of a Washington resident. RCW 19.190.020(1)(b).

**ANSWER:** Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, Hanesbrands denies the allegations.

3. Defendant Hanes engages in the precise activity which CEMA prohibits.

**ANSWER:** Hanesbrands denies the allegations in Paragraph 3.

4. Hanes spams Washington consumers, including Plaintiff, with commercial emails whose subject lines employ various tactics to create a false sense of urgency in consumers' minds—and ultimately, from consumers' wallets.

**ANSWER:** Hanesbrands denies the allegations in Paragraph 4.

5. This false urgency wastes consumers' time by enticing them to engage with the defendant's marketing efforts for fear of missing out. It also floods



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

consumers' email inboxes with repeated false notifications that the time to act—*i.e. purchase*—is short.

**ANSWER:** Hanesbrands denies the allegations in Paragraph 5.

6. And through this deceptive time-sensitivity, Hanes falsely narrows the field steering consumers away from shopping for better deals—to its own products and services which must be purchased now.

**ANSWER:** Hanesbrands denies the allegations in Paragraph 6.

7. Plaintiff challenges the defendant's harassment of Washington consumers with deceptive marketing for violations of the Commercial Electronic Mail Act (RCW 19.190.020) and the Consumer Protection Act (RCW 19.86.020) for injuries caused, additionally seeking injunctive relief against such violations in the future.

**ANSWER:** Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, Hanesbrands denies the allegations.

## II. JURISDICTION AND VENUE

8. The Court has jurisdiction of this case under RCW 2.08.010.

**ANSWER:** Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, Hanesbrands admits it invoked this Court's jurisdiction in its Notice of Removal.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

9. Venue is proper in Spokane County under RCW 4.12.020(3) because Defendant is an entity registered in Spokane County, Washington.

**ANSWER:** Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, Hanesbrands denies the allegations.

## III. PARTIES

10. Plaintiff Jessica Jackson is a resident of Thurston County, Washington.

**ANSWER:** Hanesbrands lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and on that basis denies them.

11. Defendant Hanesbrands, Inc., is a Maryland corporation with its principal address at 101 N. Cherry St., Winston-Salem, NC, 27101, with a registered agent in Washington State: United Agent Group, Inc., 707 W. Main Ave., #B1, Spokane, WA, 99201.

**ANSWER:** Hanesbrands admits its principal address is 101 N. Cherry St., Winston-Salem, NC, 27101, and its registered agent in Washington State is United Agent Group, Inc., 707 W. Main Ave., #B1, Spokane, WA, 99201. Except as expressly admitted, Hanesbrands denies the allegations in Paragraph 11.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# IV. FACTUAL ALLEGATIONS

## A. CEMA protects Washington consumers from deceptive spam emails.[1]

12. The Supreme Court of Washington has made clear: "[A]ll Internet users ... bear the cost of deceptive spam." *State v. Heckel*, 143 Wn. 2d 824, 835 (2001) (en banc).

**ANSWER:** Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, Hanesbrands refers to the complete text of the quoted case law, which speaks for itself.

13. In 1998, the Legislature found that the "volume of commercial electronic mail" was "growing," generating an "increasing number of consumer complaints." Laws of 1998, ch. 149, § 1.

**ANSWER:** Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is required, Hanesbrands refers to the complete text of the quoted "Laws of 1998," which speaks for itself.

14. While it's been nearly three decades since CEMA's enactment, the problems caused by unsolicited commercial email, i.e. spam email, have grown exponentially.

---

[1] Hanesbrands denies any and all allegations in the headers and sub-headers of the Complaint.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**ANSWER:** Hanesbrands lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and on that basis denies them.

15. The problems, however, are not limited to email content. Subject lines of emails are framed to attract consumers' attention away from the spam barrage to a message that entices consumers to click and, ultimately, *purchase*.

**ANSWER:** Hanesbrands lacks knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 15 and on that basis denies them.

16. In 2003, the United States Congress found that "[m]any senders of unsolicited commercial electronic mail purposefully include misleading information in the messages' subject lines in order to induce the recipients to view the messages." 15 U.S.C. § 7701(a)(8).

**ANSWER:** Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, Hanesbrands refers to the complete text of the quoted statute, which speaks for itself.

17. In 2012, one study estimated that Americans bear "costs of almost $20 billion annually" due to unsolicited commercial email. Justin M. Rao & David H. Reiley, The Economics of Spam, 26 J. of Econ. Perspectives 87, 88 (2012).

**ANSWER:** Paragraph 17 purports to characterize a journal article. Rather than respond to that characterization, Hanesbrands refers to the complete text of



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

the article, which speaks for itself. Hanesbrands otherwise lacks knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 17 and on that basis denies them.

18. Even when bulk commercial email marketers are operating under color of consumer consent, the reality is that "[m]ost privacy consent"—especially under the "notice-and-choice" approach predominant in the United States-"is a fiction." Daniel J. Solove, *Murky Consent: An Approach to the Fictions of Consent in Privacy Law*, 104 Boston Univ. L. Rev. 593, 596 (2024).

**ANSWER:** Paragraph 18 purports to characterize a journal article. Rather than respond to that characterization, Hanesbrands refers to the complete text of the article, which speaks for itself. Hanesbrands otherwise lacks knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 18 and on that basis denies them.

19. Consumers therefore routinely "consent" to receive flurries of commercial emails which they did not meaningfully request and in which they have no genuine interest.

**ANSWER:** Hanesbrands lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and on that basis denies them.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

20. This includes emails sent to consumers from businesses with which they have no prior relationship—by virtue of commercial data brokers and commercial data sharing agreements.

**<u>ANSWER</u>:** Hanesbrands lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and on that basis denies them.

21. Simply conducting the routine affairs of daily life often exposes consumers to unanticipated and unwanted volumes of commercial email. "Nowadays, you need an email address for everything from opening a bank account to getting your dog's nails trimmed, and ... [o]nce you hand over your email address, companies often use it as an all-access pass to your inbox: Think of shopping websites that send account updates, deals, 'we miss you' messages, and holiday promotions throughout the year. It's too much." *Kaitlyn Wells, Email Unsubscribe Services Don't Really Work*, N.Y. Times Wirecutter (Aug. 19, 2024), https://perma.cc/U8S6-R8RU/.

**<u>ANSWER</u>:** Hanesbrands lacks information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 21 and on that basis denies them. The second sentence of Paragraph 21 purports to characterize an article. Rather than respond to that characterization, Hanesbrands refers to the complete text of the article, which speaks for itself.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

22. The Legislature presciently intended CEMA to "provide some immediate relief" for these problems by prohibiting among other things commercial emails that "contain untrue or misleading information in the subject line." Laws of 1998, ch. 149, § 1.

**ANSWER:** Paragraph 22 contains legal conclusions to which no response is required. To the extent a response is required, Hanesbrands refers to the complete text of the quoted "Laws of 1998," which speaks for itself.

23. CEMA thereby protects Washington consumers against the "harms resulting from deceptive commercial e-mails," which "resemble the type of harms remedied by nuisance or fraud actions." *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1008 (W.D. Wash. 2019).

**ANSWER:** Paragraph 23 contains legal conclusions to which no response is required. To the extent a response is required, Hanesbrands refers to the complete text of the quoted case law, which speaks for itself.

24. CEMA's "truthfulness requirements" increase the costs of sending deceptive commercial emails and thereby reduce their volume. *Heckel*, 143 Wn. 2d at 836.

**ANSWER:** Paragraph 24 contains legal conclusions to which no response is required. To the extent a response is required, Hanesbrands refers to the complete text of the quoted case law, which speaks for itself.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

25. CEMA's "truthfulness requirements" thereby advance the statute's aim of protecting consumers "from the problems associated with commercial bulk e-mail" while facilitating commerce "by eliminating fraud and deception." *Id*.

**ANSWER:** Paragraph 25 contains legal conclusions to which no response is required. To the extent a response is required, Hanesbrands refers to the complete text of the quoted case law, which speaks for itself.

26. CEMA "mean[s] exactly what it says": in "broad" but "patently clear" language, CEMA unambiguously prohibits "sending Washington residents commercial e-mails that contain any false or misleading information in the subject lines of such e-mails." *Certification from U.S. Dist. Ct. for W. Dist. of Wash. in Brown v. Old Navy, LLC*, 567 P.3d 38, 44, 46-47 (Wash. 2025).

**ANSWER:** Paragraph 26 contains legal conclusions to which no response is required. To the extent a response is required, Hanesbrands refers to the complete text of the quoted case law, which speaks for itself.

27. CEMA's protections do not depend on whether any email was (really or fictively) solicited by consumers, nor on whether consumers relied on any false or misleading statement contained in its subject line. *See Harbers*, 415 F. Supp. 3d at 1011.

**ANSWER:** Paragraph 27 contains legal conclusions to which no response is required. To the extent a response is required, Hanesbrands refers to the complete text of the cited case law, which speaks for itself.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

28. The statute's only concern is to suppress false or misleading information in the subject line of commercial emails. *See Brown*, 567 P.3d at 44-45.

**<u>ANSWER</u>:** Paragraph 28 contains legal conclusions to which no response is required. To the extent a response is required, Hanesbrands refers to the complete text of the cited case law, which speaks for itself.

**B. CEMA protects Washington consumers from deceptive spam emails.**

29. One common way online marketers "manipulate consumer choice by inducing false beliefs" is to create a false sense of urgency or to falsely claim that consumers' time to act is scarce. Fed. Trade Comm'n, *Bringing Dark Patterns to Light 4* (2022), https://perma.cc/847M-EY69/; see also U.K. Competition & Mkts. Auth., *Online Choice Architecture—How Digital Design Can Harm Competition and Consumers 26* (2022), https://perma.cc/V848-7TVV/.

**<u>ANSWER</u>:** Hanesbrands lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and on that basis denies them. Paragraph 29 also purports to characterize two archived documents. Rather than respond to that characterization, Hanesbrands refers to the complete text of those documents, which speak for themselves.

30. The FTC has identified the "False Limited Time Message" as one example of false time scarcity claims, in which the marketer creates "pressure to



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

buy immediately by saying the offer is good only for a limited time or that the deal ends soon—but without a deadline or with a meaningless deadline that just resets when reached." *Bringing Dark Patterns to Light, supra* para. 29, at 22.

**ANSWER:** Paragraph 30 purports to characterize an archived document. Rather than respond to that characterization, Hanesbrands refers to the complete text of those documents, which speaks for itself.

31. "False or misleading scarcity claims can change the behaviour of consumers." *Online Choice Architecture, supra* para. 29, at 27.

**ANSWER:** Paragraph 31 purports to characterize an archived document. Rather than respond to that characterization, Hanesbrands refers to the complete text of that document, which speaks for itself. Hanesbrands otherwise lacks knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 31 and on that basis denies them.

32. Representations about the timing and duration of sales, discounts, and other special offers are fundamentally representations about prices, and such representations matter to ordinary consumers. See, e.g., *Huiliang Zhao et al., Impact of Pricing and Product Information on Consumer Buying Behavior with Consumer Satisfaction in a Mediating Role, 12 Frontiers in Psychology 720151*



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*(2021), available at* https://pmc.ncbi.nlm.nih.gov/articles/PMC8710754/pdf/fpsyg-12-720151.pdf.

**ANSWER:** Hanesbrands lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and on that basis denies them. Paragraph 32 also purports to characterize a journal article. Rather respond to that characterization, Hanesbrands refers to the complete text of the article, which speaks for itself.

33. False scarcity claims are psychologically effective. As "considerable evidence" suggests, "consumers react to scarcity and divert their attention to information where they might miss opportunities." *Online Choice Architecture, supra* para. 29, at 26.

**ANSWER:** Hanesbrands lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and on that basis denies them. Paragraph 33 also purports to characterize an archived document. Rather respond to that characterization, Hanesbrands refers to the complete text of the document, which speaks for itself.

34. Invoking this time pressure achieves a seller's aim to narrow the field of competitive products and deals, by "induc[ing] consumers to rely on heuristics



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

(mental shortcuts), like limiting focus to a restricted set of attributes or deciding based on habit." *Id*.

**<u>ANSWER</u>:** Paragraph 34 purports to characterize an archived document. Rather respond to that characterization, Hanesbrands refers to the complete text of the document, which speaks for itself.

35. Under time pressure, "consumers might take up an offer to minimize the uncertainty of passing it up." *Id*.

**<u>ANSWER</u>:** Paragraph 35 purports to characterize an archived document. Rather respond to that characterization, Hanesbrands refers to the complete text of the document, which speaks for itself.

36. False time scarcity claims thus harm consumers by manipulatively distorting their decision-making to *their detriment—and the seller's benefit*.

**<u>ANSWER</u>:** Paragraph 36 contains legal conclusions to which no response is required. To the extent a response is required, Hanesbrands denies the allegations.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

37. Indeed, one 2019 study found that "customers who took timed deals rather than waiting to see wider options ended up worse off than those who waited." *Id*. at 27.

**<u>ANSWER</u>:** Paragraph 37 purports to characterize an archived document. Rather respond to that characterization, Hanesbrands refers to the complete text of the document, which speaks for itself.

38. False time scarcity claims also harm market competition. Consumers learn to ignore scarcity claims, "meaning that when a product [or offer] is truly scarce, the seller will not be able to credibly communicate this information." *Id*.

**<u>ANSWER</u>:** Paragraph 38 purports to characterize an archived document. Rather respond to that characterization, Hanesbrands refers to the complete text of the document, which speaks for itself. Hanesbrands denies the remaining allegations in Paragraph 38.

39. These false time scarcity claims are a staple of the defendant's email scheme to compel consumers to purchase its products.

**<u>ANSWER</u>:** Hanesbrands denies the allegations in Paragraph 39.

40. **Urgent Spam Emails.** Hanes is practiced in this trick of luring in consumers through urgent subject headings in emails that do not reflect the true availability of the deal itself, as the examples below demonstrate.

**<u>ANSWER</u>:** Hanesbrands denies the allegations in Paragraph 40.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

41. The defendant's use of false time scarcity claims to entice consumers to purchase its products is no more readily apparent than in its free shipping promotions.

**ANSWER:** Hanesbrands denies the allegations in Paragraph 41.

42. For example, on October 25, 2024, Hanes informed consumers of a new shipping offer by transmitting an email with the subject line: "No Tricks, Just FREE Shipping!"

**ANSWER:** Paragraph 42 purports to characterize an email subject line. Rather than respond to that characterization, Hanesbrands refers to the complete text of the email subject line, which speaks for itself. Hanesbrands denies the remaining allegations in Paragraph 42.

43. On the contrary, the October promotion would exemplify the precise trickery that so often plagues this retailer's deceptive spam campaigns.

**ANSWER:** Hanesbrands denies the allegations in Paragraph 43.

44. The following day, on October 26, 2024, Hanes sent consumers two additional emails reminding them of the free shipping offer. The respective subject lines were: "All Your Fave Bras Ship FREE [ ] " and "[ ] Absolutely Everything SHIPS FREE!"

**ANSWER:** Paragraph 44 purports to characterize email subject lines. Rather than respond to that characterization, Hanesbrands refers to the complete



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

text of the email subject lines, which speak for themselves. Hanesbrands denies the remaining allegations in Paragraph 44.

45. The real trickery began thereafter.

**ANSWER:** Hanesbrands denies the allegations in Paragraph 45.

46. After spamming consumers with those reminder emails, Hanes then decided to use the subject line of its October 27, 2024, email, "Don't Wait, FREE Shipping Ends Tmrw!" to exert false time pressure upon recipients. Even the abbreviated use of the word "tomorrow" as "Tmrw" connotes urgency, as though the sender was so short on time, they couldn't spare the additional second needed to complete the full word.

**ANSWER:** Paragraph 46 purports to characterize an email subject line. Rather than respond to that characterization, Hanesbrands refers to the complete text of the subject line, which speaks for itself. Hanesbrands denies the remaining allegations in Paragraph 46.

47. Hanes would ratchet up that pressure again the following day, October 28, 2024, with two additional deceptive marketing emails. The first message, titled, " [ ] LAST DAY! Sitewide Free Shipping" was sent in the early morning. Later in



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

the day, Hanes sent yet another warning in an email with the subject line: “ [ ] Only Hours Left for FREE Shipping!”

**ANSWER:** Paragraph 47 purports to characterize email subject line. Rather than respond to that characterization of, Hanesbrands refers to the complete text of the email subject lines, which speak for themselves. Hanesbrands denies the remaining allegations in Paragraph 47.

48. Regardless of whether they succumb to the time pressures that Hanes’ emails thrust upon them, consumers might expect a promotion’s conclusion to end the barrage of messages concerning that offer. Those consumers would be wrong.

**ANSWER:** Hanesbrands denies that it exerts “time pressures” through its emails. Hanesbrands lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48 and on that basis denies them.

49. Within days, Hanes returned to consumer inboxes with an October 31, 2024, email titled: “[ ] Happy Halloween! SHIP FREE Today Only[.]” While the body of the message invited recipients to “Trick or Treat Yourself!” Hanes was quite clearly the party opting for deceit. Mere days after pelting consumers with warnings of the promotion’s impending expiration, Hanes was back in their inbox with an identical offer. The October 31 subject line confirms that the urgency deployed in Hanes’ October 27 and 28 emails was nothing more than fabrication



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

meant to compel consumers to buy fast lest they lose the supposedly scarce opportunity.

**<u>ANSWER</u>:** Paragraph 49 purports to characterize an email. Rather than respond to that characterization of, Hanesbrands refers to the complete text of the email and its subject line, which speaks for itself. Hanesbrands denies the remaining allegations in Paragraph 49.

50. Wont to let a holiday pass without warning consumers of promotional deadlines, Hanes was back at it for St. Patrick's Day.

**<u>ANSWER</u>:** Hanesbrands denies the allegations in Paragraph 50.

51. On March 26, 2025, Hanes utilized another call to urgency in an email sent to consumers with the subject line: "Hurry, Free Shipping with Code GREEN Ends Tmrw!"

**<u>ANSWER</u>:** Paragraph 51 purports to characterize an email subject line. Rather than respond to that characterization, Hanesbrands refers to the complete text of the email subject line, which speaks for itself. Hanesbrands denies the remaining allegations in Paragraph 51.

52. Consistent with its typical strategy, on March 17, 2025, Hanes layered additional pressure onto consumers by transmitting at least two emails with subject



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

lines reiterating the time scarcity of the shipping offer: “Last Chance to Get Lucky with Free Shipping [ ]” and “The Jig Is Up! Free Shipping Ends Today[.]”

**ANSWER:** Paragraph 52 purports to characterize email subject lines. Rather than respond to that characterization, Hanesbrands refers to the complete text of the email subject lines, which speak for themselves. Hanesbrands denies the remaining allegations in Paragraph 52.

53. A jig indeed. The dance, though, didn’t end on March 17. Proof that Hanes misled consumers would not arrive until March 21, 2025, in an email titled: “ [ ] Panty-palooza! 10/$40 Undies[.]” Within the body of that message, Hanes advised “everything ships free[.]”

**ANSWER:** Paragraph 53 purports to characterize an email. Rather than respond to that characterization, Hanesbrands refers to the complete text of the email and its subject line, which speaks for itself. Hanesbrands denies the remaining allegations in Paragraph 53.

54. Thus, despite Hanes’ March 27 representation that its free shipping offer was subject to time limits, it quickly transmitted the same offer again, a mere four days later.

**ANSWER:** Hanesbrands denies the allegations in Paragraph 54.

55. However, to the detriment of consumers, the jig was anything but up.

**ANSWER:** Hanesbrands denies the allegations in Paragraph 55.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

56. A few days later, on March 24, 2025, Hanes would deploy its strategy yet again in two separate emails meant to pressure consumers using the subject lines: " [ ], Tick, Tock! FREE 2 Shipping Ends Today" and "Last Call [ ] Free Shipping Ends Tonight!"

**ANSWER:** Paragraph 56 purports to characterize email subject lines. Rather than respond to that characterization of the email subject line, Hanesbrands refers to the complete text of the email subject lines, which speak for themselves. Hanesbrands denies the remaining allegations in Paragraph 56.

57. And, yet again, those subject lines would prove deceptive.

**ANSWER:** Hanesbrands denies the allegations in Paragraph 57.

58. On March 28, 2025, mere days later, Hanes sent an email titled: "Flash Sale [ ] This Weekend Only!" The message's contents stated, "everything ships free!" The lightning emoji emphasized the ephemeral nature of an offer that is "striking" now.

**ANSWER:** Paragraph 58 purports to characterize an email. Rather than respond to that characterization, Hanesbrands refers to the complete text of the email and its subject line, which speaks for itself. Hanesbrands denies the remaining allegations in Paragraph 58.

59. The March 28, 2025, message confirmed that the March 24 emails were anything but a "last call." They were simply repeat examples of the



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

defendant's deceptive strategy: manufacturing false pressure meant to drive consumers to its website and, ultimately, the checkout screen.

**<u>ANSWER</u>:** Hanesbrands denies the allegations in Paragraph 59.

60. Wrapping its misleading message in a patriotic theme, Hanes repeated its trick in a May 26, 2025, message titled: "Last Chance! us Let Free Shipping Ring[.]" The text within the message reinforced the subject line, announcing that the promotion was on its last day in a banner placed above the American flag.

**<u>ANSWER</u>:** Paragraph 60 purports to characterize an email. Rather than respond to that characterization, Hanesbrands refers to the complete text of the email and its subject line, which speaks for itself. Hanesbrands denies the remaining allegations in Paragraph 60.

61. That warning would ring hollow. The following day, May 27, 2025, Hanes confirmed the falsity of the May 26 email in a message with the heading: "EXTENDED! Free Shipping on All Orders[.]"

**<u>ANSWER</u>:** Paragraph 61 purports to characterize an email subject line. Rather than respond to that characterization, Hanesbrands refers to the complete text of the subject line, which speaks for itself. Hanesbrands denies the remaining allegations in Paragraph 61.

62. Upon information and belief, shipping costs are significant enough to influence the purchasing decisions for many, if not most, consumers. An offer of



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

time-limited free shipping entices customers to shop and pay more now lest they miss out on cheaper shipping. As these promotions demonstrate, Hanes employs a strategy where it pressures consumers to purchase its products by falsely representing the limited availability of its shipping offers; offers that are repackaged, repeated, and redeployed.

**ANSWER:** Hanesbrands lacks information sufficient to form a belief as to the truth of the allegations in the first two sentences in Paragraph 62 an on that basis denies them. Hanesbrands denies the allegations in the last sentence of Paragraph 62.

63. Hanes does not limit its false time pressure strategy to promoting shipping offers. Instead, it custom fits its deceptive approach to suit a variety of promotions.

**ANSWER:** Hanesbrands denies the allegations in Paragraph 63.

64. For example, Hanes sent a December 3, 2024, email advertising savings on a variety of products as part of its Cyber Deals promotion. The email's subject line warned: "[ ] Cut! Cyber Deals End Tonight[.]"

**ANSWER:** Paragraph 64 purports to characterize an email subject line. Rather than respond to that characterization, Hanesbrands refers to the complete text of the email subject line, which speaks for itself. Hanesbrands denies the remaining allegations in Paragraph 64.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

65. Upon information and belief, time pressures such as those deployed by Hanes are even more effective in the latter months of the year when consumer spending is at its highest and the holidays are fast approaching.

**ANSWER:** Hanesbrands denies the allegations in Paragraph 65.

66. True to form, Hanes leveraged such urgency against consumers twice, regarding the same Cyber Deals promotion. On December 4, 2024, Hanes sent another email announcing that the promotion had not ended. The subject line of the email proclaimed: "NOW EXTENDED! Cyber Deals Up To 50% Off[.]"

**ANSWER:** Paragraph 66 purports to characterize an email subject line. Rather than respond to that characterization, Hanesbrands refers to the complete text of the email subject line, which speaks for itself. Hanesbrands denies the remaining allegations in Paragraph 66.

67. Consumers in receipt of the December 3, 2024, email were not at risk of missing the deal, had they ignored the subject line, because Hanes did not end the promotion on December 3. The false conclusion of the Cyber Deals offer was simply a marketing strategy meant to compel consumers to purchase the defendant's products.

**ANSWER:** Hanesbrands denies the allegations in Paragraph 67.

68. Hanes stretches its deceptions to fit other holidays as well.

**ANSWER:** Hanesbrands denies the allegations in Paragraph 68.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

69. On May 11, 2025, Hanes transmitted an email with the subject line: "[ ]It Happy Mother's Day! Extra 20% Off Ends Today[.]"

**ANSWER:** Paragraph 69 purports to characterize an email subject line. Rather than respond to that characterization, Hanesbrands refers to the complete text of the email subject line, which speaks for itself. Hanesbrands denies the remaining allegations in Paragraph 69.

70. However, the claim made in the email's subject line was untrue.

**ANSWER:** Hanesbrands denies the allegations in Paragraph 70.

71. The very next day, on May 12, 2025, Hanes transmitted another email titled: "LAST DAY! Extra 20% Off Sitewide[.]" The May 12 email confirms the falsity of the May 11 message. Despite the contrived time scarcity, consumers in fact had an additional day during which they could accept the defendant's offer.

**ANSWER:** Paragraph 71 purports to characterize an email subject line. Rather than respond to Plaintiff's characterization, Hanesbrands refers to the complete text of the email subject line, which speaks for itself. Hanesbrands denies the remaining allegations in Paragraph 71.

72. Hanes also tailors its misleading strategy for use in promoting specific products. The 18 Hour Bra, for example.

**ANSWER:** Hanesbrands denies the allegations in Paragraph 72.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

73. On July 3, 2022, Hanes sent consumers an email with the subject line: "[ ] Ends Soon: $14.99 Playtex 18 Hour Bras!" Text within the email indicates the price is offered as part of a "big summer sale." Fine print at the bottom of the message states the pricing is valid until 11:59 that evening.

**ANSWER:** Paragraph 73 purports to characterize an email. Rather than respond to that characterization, Hanesbrands refers to the complete text of the email and its subject line, which speaks for itself. Hanesbrands denies the remaining allegations in Paragraph 73.

74. Within days, the same pricing would be available again as reflected in a July 8, 2022, email sent to consumers with the heading: "It's Time to Sale-A-Brate You [ ]" Yet again indicating that the offer was only for a limited time, the email message presented the 18 Hour Bra for $14.99. The pricing available in the July 3 email was clearly in no jeopardy of ending.

**ANSWER:** Paragraph 74 purports to characterize an email. Rather than respond to that characterization, Hanesbrands refers to the complete text of the email and its subject line, which speaks for itself. Hanesbrands denies the remaining allegations in Paragraph 74.

75. Indeed, the defendant's deception concerning the product's pricing would endure for 18 hours and well beyond.

**ANSWER:** Hanesbrands denies the allegations in Paragraph 75.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

76. Hanes revived the allegedly limited pricing again in a July 18, 2022, email titled: "Last Call for $14.99 Bras [ ][.]" An image inside the message confirmed that 18 hour bras were included in the $14.99 offer.

**ANSWER:** Paragraph 76 purports to characterize an email. Rather than respond to that characterization, Hanesbrands refers to the complete text of the email and its subject line, which speaks for itself. Hanesbrands denies the remaining allegations in Paragraph 76.

77. An unaware underwear consumer might be compelled to act in response to Hanes' misleading warning. However, there was nothing scarce about the $14.99 offer.

**ANSWER:** Hanesbrands denies the allegations in Paragraph 77.

78. While the July 18 message declared itself a "last call," the defendant's deceitful marketing campaign was effectively on spin cycle. The falsity of the July 18 subject line was made clear by Hanes' July 31, 2022, email titled: "Limited Time Only: $14.99 Bras!" The contents of the message confirm it was the Playtex 18 Hour Bras that were subject to the limited pricing.

**ANSWER:** Paragraph 78 purports to characterize emails. Rather than respond to that characterization, Hanesbrands refers to the complete text of the emails and their subject lines, which speak for themselves. Hanesbrands denies the remaining allegations in Paragraph 78.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

79. Despite Hanes' repetitive warnings, consumers would have regular access to 18 Hour Bras at the $14.99 pricing as demonstrated in subject lines sent in the months to follow:

a. July 31, 2022: "Limited Time Only: $14.99 Bras!"

b. August 28, 2022: "$14.99 Bras— Limited Time for Labor Day"

c. September 3, 2022: "Hurry, $14.99 Bras Won't Last Long!"

d. October 8, 2022: "LIMITED TIME ONLY: Playtex 18 Hour Bras $14.99"

e. October 16, 2022: "LAST CHANCE for $14.99 Playtex 18 Hour Bras!"

f. December 17, 2022: "ENDS TMRW: Playtex 18 Hour Bras $14.99"

**ANSWER:** Paragraph 79, including subparts, purports to characterize email subject lines. Rather than respond to that characterization, Hanesbrands refers to the complete text of the email subject lines, which speak for themselves. Hanesbrands denies the remaining allegations in Paragraph 79.

80. Thus, Hanes used its spam email campaign to consistently warn consumers that the availability of $14.99 pricing was scarce, even though the same



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

offer would be available well into the future at different intervals as determined by Hanes.

**<u>ANSWER</u>:** Hanesbrands denies the allegations in Paragraph 80.

81. As these subject lines demonstrate, Hanes engages in an email marketing strategy whereby it creates a false sense of urgency, misrepresents when sales end, advertises time-limited free shipping, and strategically extends or revives those sales to pull in consumers with subject headings misrepresenting the availability of deals.

**<u>ANSWER</u>:** Hanesbrands denies the allegations in Paragraph 81.

82. These and other examples of the commercial emails that Hanes has sent consumers containing subject lines with false or misleading statements are attached to this Class Action Complaint as Exhibit A.

**<u>ANSWER</u>:** Paragraph 82 and Exhibit A to the Complaint purport to characterize email subject lines. Rather than respond to that characterization, Hanesbrands refers to the complete text of the email subject lines, which speak for themselves. Hanesbrands denies the remaining allegations in Paragraph 82.

**C. Hanes knows when it sends emails to Washington residents.**

83. A sophisticated commercial enterprise, like Hanes, which is engaged in persistent marketing through mass email campaigns across the United States,



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

has several ways of knowing where the recipients of its marketing emails are located. The means it employs are peculiarly within its knowledge.

**ANSWER:** Hanesbrands denies the allegations in Paragraph 83.

84. First, the sheer volume of email marketing that Hanes engages in put it on notice that Washington residents would receive its emails. From 2022 to 2024, Hanes sent marketing emails at a rate averaging roughly: 638 per year, 53 per month, and 1.75 per day.

**ANSWER:** Hanesbrands denies the allegations in Paragraph 84.

85. Second, Hanes may obtain location information tied to email addresses when consumers make purchases from Hanes through digital platforms, including the Hanes website, or otherwise self-report such information to Hanes.

**ANSWER:** Hanesbrands admits it may obtain some "location information" from customers' self-reporting. Except as expressly admitted, Hanesbrands denies the remaining allegations in Paragraph 85.

86. Third, Hanes may obtain location information tied to email addresses by tracking the IP addresses of devices used to open its emails, which in turn can



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

be correlated to physical location (as illustrated, for example, by the website https://whatismyipaddress.com/).

**ANSWER:** Hanesbrands admits that IP addresses may provide location information which may or may not correlate to the location of devices used to open links in its emails. Hanesbrands denies the remaining allegations in Paragraph 86.

87. Specifically, Hanes likely uses dotdigital to manage its email marketing campaigns. This platform should allow Hanes to access a list of every email address that was sent a marketing email. It should also allow Hanes to determine who viewed each of the emails and who clicked on any links within them.

**ANSWER:** Hanesbrands denies the allegations in Paragraph 87.

88. Hanes is likely able to infer the general geographic location of recipients by state based on their IP address at the time of email open or link click.

**ANSWER:** Hanesbrands denies the allegations in Paragraph 88.

89. Fourth, Hanes may obtain location information tied to email addresses by purchasing consumer data from commercial data brokers such as Acxiom,



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Oracle, and Equifax, which sell access to databases linking email addresses to physical locations, among other identifiers.

**ANSWER:** Hanesbrands admits it may obtain publicly available information from commercial data brokers. Hanesbrands denies the remaining allegations in Paragraph 89.

90. Fifth, Hanes may obtain location information tied to email addresses by using "identity resolution" services offered by companies such as LiveRamp, which can connect consumers' email addresses to their physical locations, among other identifiers.

**ANSWER:** Hanesbrands admits it may obtain publicly available information from commercial data brokers. Hanesbrands denies the remaining allegations in Paragraph 90.

91. Sixth, Hanes may obtain information that the recipients of its marketing emails are Washington residents because that information is available, upon request, from the registrant of the Internet domain names contained in the recipients' email addresses. See RCW 19.190.020(2).

**ANSWER:** Hanesbrands denies the allegations in this Paragraph 91.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

92. It is thus highly probable that a seller with the size and sophistication of Hanes employs not just one but several means of tying consumers' email addresses to their physical locations, at least at the state level.

**ANSWER:** Hanesbrands denies the allegations in Paragraph 92.

**D. Hanes violated Plaintiff's right under CEMA to be free from deceptive commercial emails.**

93. Hanes has spammed Plaintiff with commercial emails whose subject lines contain false or misleading statements in violation of her right to be free from such annoyance and harassment under CEMA.

**ANSWER:** Hanesbrands denies the allegations in Paragraph 90.

94. Plaintiff received a number of the email promotions described above in Section B, including the December 3, 2024, email titled: "[ ] Cut! Cyber Deals End Tonight"; the March 17, 2025, email titled: "Last Chance to Get Lucky with Free Shipping [ ]"; and the May 26, 2025, email titled: "Last Chance! us Let Free Shipping Ring[.]"

**ANSWER:** Hanesbrands lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and on that basis denies them.

95. These emails were false or misleading in violation of CEMA, for misrepresenting the timing of the deals, as described herein.

**ANSWER:** Hanesbrands denies the allegations in Paragraph 95.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

96. These emails contained false statements of fact as to the "duration or availability of a promotion." *Brown*, 567 P.3d at 47.

**ANSWER:** Hanesbrands denies the allegations in Paragraph 96.

## V. CLASS ALLEGATIONS

97. Plaintiff bring this action under Civil Rule 23 on behalf of the following putative class ("Class"):

> All Washington citizens holding an email address to which Defendant sent or caused to be sent any email listed in Exhibit A during the Class Period.

**ANSWER:** Paragraph 97 contains Plaintiff's characterization of the action to which no response is required. Paragraph 97 also contains legal conclusions to which no response is required. To the extent a response is required, Hanesbrands denies the allegations in Paragraph 97, and specifically denies that any class should be certified in this case.

98. Excluded from this definition of the Class are Defendant's officers, directors, and employees; Defendant's parents, subsidiaries, affiliates, and any entity in which Defendant has a controlling interest; undersigned counsel for Plaintiff; and all judges and court staff to whom this action may be assigned, as well as their immediate family members.

**ANSWER:** Paragraph 98 contains Plaintiff's characterization of the action to which no response is required. Paragraph 98 also contains legal conclusions to



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

which no response is required. To the extent a response is required, Hanesbrands denies the allegations in Paragraph 98, and specifically denies that any class should be certified in this case.

99. The Class Period extends from the date four years before this Class Action Complaint is filed to the date a class certification order is entered in this action.

**ANSWER:** Hanesbrands denies the allegations in Paragraph 99, and specifically denies that any class should be certified in this case.

100. Plaintiff reserves the right to amend the Class definition as discovery reveals additional emails containing false or misleading information in the subject line that Defendant sent or caused to be sent during the Class Period to email addresses held by Washington residents.

**ANSWER:** Hanesbrands denies the allegations in Paragraph 100, and specifically denies that any class should be certified in this case.

101. The Class is so numerous that joinder of all members is impracticable because the Class is estimated to minimally contain thousands of members.

**ANSWER:** Hanesbrands denies the allegations in Paragraph 101, and specifically denies that any class should be certified in this case.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

102. There are questions of law or fact common to the class, including without limitation whether Defendant sent commercial emails containing false or misleading information in the subject line; whether Defendant sent such emails to email addresses it knew or had to reason to know were held by Washington residents; whether Defendant's conduct violated CEMA; whether Defendant's violation of CEMA constituted a per se violation of the Consumer Protection Act, RCW 19.86.020 (CPA); and whether Defendant should be enjoined from such conduct.

**ANSWER:** Hanesbrands denies the allegations in Paragraph 102, and specifically denies that any class should be certified in this case.

103. Plaintiff's claims are typical of the Class's because, among other reasons, Plaintiff and Class members share the same statutory tights under CEMA and the CPA, which Defendant violated in the same way by the uniform false or misleading marketing messages it sent to all putative members.

**ANSWER:** Hanesbrands denies the allegations in Paragraph 103, and specifically denies that any class should be certified in this case.

104. Plaintiff will fairly and adequately protect the Class's interests because, among other reasons, Plaintiff shares the Class's interest in avoiding unlawful false or misleading marketing; have no interest adverse to the Class; and



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

have retained competent counsel extensively experienced in consumer protection and class action litigation.

**ANSWER:** Hanesbrands denies the allegations in Paragraph 104, and specifically denies that any class should be certified in this case.

105. Defendant has acted on grounds generally applicable to the Class, in that, among other ways, it engaged in the uniform conduct of sending uniform commercial emails to Plaintiff and the Class, which violate CEMA and the CPA in the same way, and from which it may be enjoined as to Plaintiff and all Class members, thereby making appropriate final injunctive relief with respect to the Class as a whole.

**ANSWER:** Hanesbrands denies the allegations in Paragraph 105, and specifically denies that any class should be certified in this case.

106. The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, in that, among other ways, Defendant has violated their rights under the same laws by the same conduct, and the only matters for individual determination are the number of false or misleading emails received by each Class member and that Class member's resulting damages.

**ANSWER:** Hanesbrands denies the allegations in Paragraph 106, and specifically denies that any class should be certified in this case.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

107. A class action is superior to other available methods for the fair and efficient adjudication of the controversy because, among other reasons, the claims at issue may be too small to justify individual litigation and management of this action as a class presents no special difficulties.

**ANSWER:** Hanesbrands denies the allegations in Paragraph 107, and specifically denies that any class should be certified in this case.

## VI. CLAIMS TO RELIEF

### First Claim to Relief

### Violation of the Commercial Electronic Mail Act, RCW 19.190.020

108. Plaintiff incorporates and realleges paragraphs 1-96 above.

**ANSWER:** The allegations in Paragraph 108 require no response and allege no facts. To the extent a response is required, Hanesbrands incorporates its responses to Paragraphs 1 through 96 above.

109. CEMA provides that "[n]o person may initiate the transmission, conspire with another to initiate the transmission, or assist the transmission, of a commercial electronic mail message ... to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that ... [c]ontains false or misleading information in the subject line." RCW 19.190.020(1)(b).

**ANSWER:** Paragraph 109 contains legal conclusions to which no response is required. To the extent a response is required, Hanesbrands refers to the complete text of RCW 19.190.020(1)(b), which speaks for itself.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

110. Defendant is a “person” within the meaning of CEMA. RCW 19.190.010(11).

**ANSWER:** Paragraph 110 contains legal conclusions to which no response is required. To the extent a response is required, Hanesbrands admits it is a limited liability company. Except as expressly admitted, Hanesbrands denies the remaining allegations in Paragraph 110.

111. Defendant initiated the transmission, conspired with another to initiate the transmission, or assisted the transition of “commercial electronic mail messages” within the meaning of CEMA. RCW 19.190.010(2).

**ANSWER:** Paragraph 111 contains legal conclusions to which no response is required. To the extent a response is required, Hanesbrands denies the allegations.

112. Defendant initiated the transmission, conspired with another to initiate the transmission, or assisted the transmission of such messages to electronic mail addresses that Defendant knew, or had reason to know, were held by Washington residents, including because Defendant knew that Plaintiff and putative members were Washington residents as such “information is available, upon request, from



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

the registrant of the internet domain name contained in the recipient's electronic mail address." RCW 19.190.020(b)(2).

**ANSWER:** Paragraph 112 contains legal conclusions to which no response is required. To the extent a response is required, Hanesbrands denies the allegations.

113. Defendant initiated the transmission, conspired with another to initiate the transmission, or assisted the transmission of such messages that contained false or misleading information in the subject line, as described herein, in violation of CEMA. RCW 19.190.020(1)(b).

**ANSWER:** Paragraph 113 contains legal conclusions to which no response is required. To the extent a response is required, Hanesbrands denies the allegations.

114. For Defendant's violation of CEMA, Plaintiff is entitled to all available relief, including an injunction against further violations.

**ANSWER:** Hanesbrands denies Plaintiff is entitled to any relief.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**<u>Second Claim to Relief</u>**

**Violation of the Consumer Protection Act, RCW 19.86.020**

115. Plaintiff incorporates and realleges paragraphs 1-96 above.

**<u>ANSWER</u>:** The allegations in Paragraph 115 require no response and allege no facts. To the extent a response is required, Hanesbrands incorporates its responses to Paragraphs 1 through 96 above.

116. The CPA provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

**<u>ANSWER</u>:** Paragraph 116 contains legal conclusions to which no response is required. To the extent a response is required, Hanesbrands refers to the complete text of RCW 19.86.020, which speaks for itself.

117. A violation of CEMA is a per se violation of the CPA. RCW 19.190.030.

**<u>ANSWER</u>:** Paragraph 117 contains legal conclusions to which no response is required. To the extent a response is required, rather than respond to Plaintiff's characterization of RCW 19.190.030, Hanesbrands refers to the complete text of the statute, which speaks for itself.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

118. A violation of CEMA establishes all the elements necessary to bring a private action under the CPA. *Wright v. Lyft*, 189 Wn. 2d 718 (2017).

**ANSWER:** Hanesbrands denies the allegations in Paragraph 118.

119. CEMA provides that "[n]o person may initiate the transmission, conspire with another to initiate the transmission, or assist the transmission, of a commercial electronic mail message ... to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that ... [c]ontains false or misleading information in the subject line." RCW 19.190.020(1)(b).

**ANSWER:** Paragraph 119 contains legal conclusions to which no response is required. To the extent a response is required, Hanesbrands refers to the complete text of RCW 19.190.020(1)(b), which speaks for itself.

120. Defendant is a "person" within the meaning of CEMA. RCW 19.190.010(11).

**ANSWER:** Paragraph 120 contains legal conclusions to which no response is required. To the extent a response is required, Hanesbrands admits it is a limited liability company. Except as expressly admitted, Hanesbrands denies the remaining allegations in Paragraph 120.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

121. Defendant initiated the transmission, conspired with another to initiate the transmission, or assisted the transition of "commercial electronic mail messages" within the meaning of CEMA. RCW 19.190.010(2).

**ANSWER:** Paragraph 121 contains legal conclusions to which no response is required. To the extent a response is required, Hanesbrands denies the allegations.

122. Defendant initiated the transmission, conspired with another to initiate the transmission, or assisted the transmission of such messages to electronic mail addresses that Defendant knew, or had reason to know, were held by Washington residents.

**ANSWER:** Paragraph 122 contains legal conclusions to which no response is required. To the extent a response is required, Hanesbrands denies the allegations.

123. Defendant initiated the transmission, conspired with another to initiate the transmission, or assisted the transmission of such messages that contained false or misleading information in the subject line, as described herein, in violation of CEMA. RCW 19.190.020(1)(b).

**ANSWER:** Paragraph 123 contains legal conclusions to which no response is required. To the extent a response is required, Hanesbrands denies the allegations.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

124. For Defendant's violation of the CPA, Plaintiff and putative members are entitled to an injunction against further violations; the greater of Plaintiff's actual damages or liquidated damages of $500 per violation, trebled; and costs of the suit, including a reasonable attorney's fee.

**ANSWER:** Hanesbrands denies Plaintiff is entitled to any relief.

## VII. JURY DEMAND

125. Plaintiff will demand a jury trial by separate document in accordance with Local Civil Rule 38(b).

**ANSWER:** Plaintiff's demand for jury trial is not an allegation and does not require a response. To the extent a response is required, Hanesbrands denies the allegations in the demand for jury trial.

## VIII. PRAYER FOR RELIEF

The remainer of Plaintiff's Complaint is a prayer for relief to which no response is required. To the extent a response is required, Hanesbrands denies that Plaintiff or any members of the putative class are entitled to any of the relief sought, and denies that any class should be certified in this case or that Plaintiff may represent any putative class.

## AFFIRMATIVE DEFENSES

Below are Hanesbrands's affirmative defenses. By setting forth these affirmative defenses, Hanesbrands does not assume any burden of proof as to any



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

fact issue or other element of any cause of action that properly belongs to Plaintiff. Hanesbrands reserves the right to amend or supplement its affirmative defenses.

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff lacks standing to assert her claims, to represent the purported class, or to seek some or all of the relief sought.

3. Plaintiff and/or any putative class members sustained no cognizable injury or damages or any injury to business or property.

4. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

5. Plaintiff and/or any putative class members are barred, in whole or in part, by the doctrines of waiver, laches, ratification, consent, acquiescence, accord and satisfaction, payment, settlement, and/or estoppel.

6. Plaintiff failed to allege facts supporting actual, compensatory, putative, exemplary, or liquidated damages.

7. Plaintiff's and/or any class members' claims fail because they are premised on email subject lines that were non-actionable mere opinion or puffery.

8. Plaintiff's and/or any putative class members' claims fail because they are premised on purported misstatements that did not result in any actual injury.

9. Plaintiff's and/or any putative class members' claims fail because they are premised on email subject lines that neither Plaintiff nor any class members relied on to their detriment.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

10. Plaintiff's and/or any putative class members' claims fail because Hanesbrands did not act with knowledge or intent to transmit any email containing a false or misleading subject line.

11. Plaintiff's and/or any putative class members' claims fail because Hanesbrands did not know or have reason to know that it sent any particular email(s) to electronic mail addresses held by Washington residents.

12. Plaintiff's and/or any putative class members' claims fail because Hanesbrands did not use computers located in Washington used to initiate, conspire to, or assist in the transmission of the email(s).

13. Plaintiff's and/or any putative class members' claims fail because the residency of Plaintiff and/or any putative class members were not available, upon request, to Hanesbrands from the registrant of the Internet domain names contained in the recipients' email addresses.

14. Awarding Plaintiff and/or any putative class members the relief sought in the Amended Complaint would violate Plaintiff's, and many of the alleged putative class members', rights to due process of law under the United States Constitution. *See, e.g.*, *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985).

15. Awarding Plaintiff and/or any putative class members the relief sought in the Amended Complaint would violate Hanesbrands' due process rights as unduly punitive. *See e.g.*, *BMW v. Gore*, 517 U.S. 559, 575, 580 (1996); *Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1121 (9th Cir. 2022).



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

16. The claims of Plaintiff and/or any putative class members are barred, in whole or in part, because any award of damages would unjustly enrich them.

17. Plaintiff cannot satisfy the prerequisites to certify a class under Rule 23.

18. Plaintiff's claims are barred, in whole or in part, by setoff.

19. The claims of Plaintiff and/or putative class members are barred, in whole or in part, because Hanesbrands conduct was reasonable, justified, and in good faith.

20. Plaintiff and/or putative class members' claims are preempted in whole or in part by federal law, including by the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003.

21. Plaintiff and/or putative class members' claims are barred, in whole or in part, by the Commerce Clause of the U.S. Constitution, including under the "dormant Commerce Clause" doctrine.

22. Plaintiffs and/or putative class members are not entitled to injunctive relief because monetary damages, or another legal remedy, can fully compensate them for their alleged damages.

23. Plaintiffs and/or putative class members are not entitled to damages because any such damages are speculative, excessive, arbitrary, unjust, unauthorized, or insufficiently certain. The Court can, and should, equitably reduce any statutory and/or treble damages.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## RESERVATION

Hanesbrands reserves the right to supplement, amend, or modify its answer and affirmative defenses, as appropriate, based on information obtained during the course of this litigation, and expressly reserves all defenses that may be available on the claims of putative class members, in the event a class of some kind is certified.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Hanesbrands prays as follows:

1 That this court deny Plaintiff's request to certify this case as a class action;

2 That Plaintiff's class action complaint be dismissed with prejudice;

3 That Plaintiff and the purported class take nothing by way of relief requested against Hanesbrands;

4 That Hanesbrands be awarded its costs and reasonable attorneys' fees against Plaintiff in defending this action, as authorized by applicable law; and

5 That the Court award such additional and further relief to Hanesbrands as may be just and equitable under the circumstances.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 12th day of May, 2026.

DAVIS WRIGHT TREMAINE LLP

*/s/ Lauren B. Rainwater*
Lauren B. Rainwater, WSBA #43625
Rachel Herd, WSBA #50339
Caleah N. Whitten, WSBA #60209
Email: laurenrainwater@dwt.com
Email: rachelherd@dwt.com
Email: caleahwhitten@dwt.com

920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Telephone: (206) 622-3150
Facsimile: (206) 757-7700

*Attorneys for Hanesbrands Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of May, 2026, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which in turn automatically generated a Notice of Electronic Filing ("NEF") to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice. There are no non-CM/ECF participants for which service by other means is required.

DATED this 12th day of May, 2026.

By *<u>/s/ Lauren B. Rainwater</u>*
Lauren B. Rainwater, WSBA #43625



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax