Lauren Rainwater, WSBA #43625
Rachel Herd, WSBA #50339
Caleah N. Whitten, WSBA #60209
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206.622.3150
Facsimile: 206.757.7700

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT YAKIMA

| | |
|---|---|
| JESSICA L. JACKSON, on her own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HANESBRANDS INC.,<br><br>Defendant. | No. 2:25-cv-00440-SAB<br><br>DEFENDANT HANESBRANDS INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>10/5/2026<br>Without Oral Argument |



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........ 1
II. BACKGROUND ........ 1
A. Plaintiff's Lawsuit. ........ 1
B. *Meade* Clarified the Derivative CPA Claim Requires More. ........ 3
III. LEGAL STANDARD ........ 3
IV. ARGUMENT ........ 4
V. CONCLUSION ........ 10



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Dworkin v. Hustler Mag., Inc.*, 867 F.2d 1188 (9th Cir. 1989) .......... 3

*El-Shawary v. US Bank Nat'l Ass'n*, 2021 WL 5177574 (W.D. Wash. Nov. 8, 2021), *aff'd sub nom. El-Shawary v. U.S. Bank Natl Ass'n as Tr. for GSR Mortg. Loan Tr. 2006-4F Mortg. Pass-Through Certificate Series 2006-4F*, 2022 WL 17689312 (9th Cir. Dec. 15, 2022) .......... 5

*Gerlinger v. Amazon.Com, Inc.*, 311 F. Supp. 2d 838 (N.D. Cal. 2004) .......... 3

*Harrington v. Vineyard Vines, LLC*, 813 F. Supp. 3d 1218 (W.D. Wash. 2025), *reconsideration denied*, 2026 WL 125134 (W.D. Wash. Jan. 16, 2026) .......... 3

*Ma v. Nike, Inc.*, 816 F. Supp. 3d 1227 (W.D. Wash. 2026) .......... 3

*Meade v. Profusion Cosmetics Corp.*, 2026 WL 2098093 (W.D. Wash. July 16, 2026) .......... *passim*

*Zweber v. State Farm Mut. Auto. Ins. Co.*, 39 F. Supp. 3d 1161 (W.D. Wash. 2014) .......... 3

**State Cases**

*Anderson v. Valley Quality Homes, Inc.*, 84 Wn. App. 511 (1997) .......... 4

*Brown v. Old Navy, LLC*, 4 Wn.3d 580 (2025) .......... 1, 2

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778 (1986) .......... 4, 8



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Mielke v. Tacoma RV Ctr., Inc.*,
30 Wn. App. 2d 1038, 2024 WL 1510663 (2024) ........ 5

*Montes v. SPARC Group, LLC*,
6 Wn.3d 321 (2026) ........ *passim*

*Nuttall v. Dowell*,
31 Wn. App. 98 (1982) ........ 10

*Race v. Fleetwood Retail Corp. of Wash.*,
116 Wn. App. 1041, 2003 WL 1901274 (2003) ........ 5

*Wright v. Lyft*,
189 Wn.2d 718 (2017) ........ *passim*

**State Statutes**

RCW 19.86.080 ........ 10

RCW 19.190.020(1)(b) ........ 8

RCW 19.190.030 ........ 4

RCW 19.190.030(3) ........ 4

RCW 19.190.060 ........ 7, 8

RCW 19.190.070 ........ 8

**Rules**

Fed. R. Civ. P. 12(c) ........ 3



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION

After the Court ruled on Defendant Hanesbrands LLC's ("Hanes") Motion to Dismiss, the Western District of Washington confirmed in *Meade v. Profusion Cosmetics Corp.*, 2026 WL 2098093, at *2 (W.D. Wash. July 16, 2026), that "[a] successful [Washington Commercial Electronic Mail Act ('CEMA')] claim establishes only the first three elements" of a Washington Consumer Protection Act ("CPA") claim, and "[t]he CPA still requires the plaintiff to show the defendant caused injury to their business or property." Coupled with the Washington Supreme Court's holding in *Montes v. SPARC Group, LLC*, 6 Wn.3d 321, 324 (2026), that there is no CPA injury merely "because the seller misrepresented the product's price history," Plaintiff Jessica Jackson's CEMA-based CPA claim cannot proceed.

*Meade* clarifies that Plaintiff's CPA claim requires more than merely alleging the elements of a CEMA claim. Instead, Plaintiff must ***also*** establish CPA's injury to business or property and causation requirements. But Plaintiff does not allege that she opened any emails, read them, or spent any money as a result of any subject lines. Her receipt of emails alone does not constitute injury to business or property. As a result, her CEMA-based CPA claim and corresponding requests for damages and attorney's fees fail.

## II. BACKGROUND

### A. Plaintiff's Lawsuit.

Plaintiff's lawsuit against Hanes is one of over 200 cases filed by the plaintiffs' bar following the Washington Supreme Court's decision in *Brown v.*



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Old Navy, LLC*, which altered the prevailing understanding of CEMA by ruling: "To violate [CEMA] subsection (1)(b), an e-mail subject line does not need to deceive consumers about the subject or purpose of the e-mail—it merely needs to contain false or misleading information." 4 Wn.3d 580, 589 (2025). Plaintiff's claims are premised on subject lines that allegedly misrepresent the "duration or availability of a promotion." ECF No. 1-2 ("Compl.") ¶ 96. Plaintiff challenges three emails she allegedly received between December 2024 and May 2025, with subject lines including the phrases "Cyber Deals End Tonight" or "Last Chance." *Id.* ¶ 94. She does not allege that she read or even opened any email, let alone that she made any purchase in reliance on these subject lines. Yet she sued for CEMA violations and sought damages and attorney's fees through the CPA. *See generally id.*

Hanes moved to dismiss the CEMA and derivative CPA claims on three main grounds: Plaintiff failed to allege the requisite false or misleading information and other elements of her CEMA claim; CEMA is preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing Act; and CEMA is unconstitutional under the dormant Commerce Clause. ECF No. 16.

In April 2026, the Court denied the motion, finding the CEMA claim sufficiently plead, not pre-empted by CAN-SPAM, and compliant with the dormant Commerce Clause. ECF No. 37. "As a violation of CEMA is a *per se* violation of the CPA," the Court found Plaintiff "sufficiently alleged facts to state a plausible claim of relief under the CPA." *Id.* at 4. The next month, Hanes answered the Complaint. ECF No. 39.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### B. *Meade* Clarified the Derivative CPA Claim Requires More.

Three months after the Court's order, on July 16, 2026, the Western District of Washington decided *Meade* and clarified that a CEMA violation alone does not automatically establish a CPA claim as Plaintiff, the Court, and other courts have assumed post- *Wright v. Lyft*, 189 Wn.2d 718 (2017). *E.g.*, Compl. ¶ 118; ECF No. 37; *Ma v. Nike, Inc.*, 816 F. Supp. 3d 1227, 1233 (W.D. Wash. 2026); *Harrington v. Vineyard Vines, LLC*, 813 F. Supp. 3d 1218, 1221 (W.D. Wash. 2025), *reconsideration denied*, 2026 WL 125134 (W.D. Wash. Jan. 16, 2026). *Meade* explicitly held that "[a] successful CEMA claim establishes only the first three elements" of a CPA claim, and "[t]he CPA still requires the plaintiff to show the defendant caused injury to their business or property." 2026 WL 2098093, at *2.

The clarity *Meade* provides sets the foundation for a new argument and defense, which Hanes now brings.

## III. LEGAL STANDARD

"Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Zweber v. State Farm Mut. Auto. Ins. Co.*, 39 F. Supp. 3d 1161, 1164 (W.D. Wash. 2014) (citation omitted). A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion, and courts apply the "same standard." *Dworkin v. Hustler Mag., Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) (the "principal difference" between Rule 12(b)(6) and Rule 12(c) "is the tim[ing] of filing"). Thus a "purely legal question … is susceptible to a motion for judgment on the pleadings." *Gerlinger v. Amazon.Com,*



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Inc.*, 311 F. Supp. 2d 838, 843 (N.D. Cal. 2004) (citing *Atel Fin. Corp. v. Quaker Coal Co.*, 321 F.3d 924, 925–26 (9th Cir. 2003)).

## IV. ARGUMENT

Plaintiff's Complaint makes no attempt to show any injury to business or property as *Meade* recently specified is required to establish a CEMA-based CPA claim. With no cognizable CPA injury, Plaintiff's claims fail.

Without any phishing attempts, recipients of emails with false or misleading subject lines cannot seek damages through CEMA; instead, they must pursue such relief under the CPA. *Wright*, 189 Wn.2d at 723, 728. To prevail on a CPA claim, a plaintiff must establish five elements: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) affecting the public interest; (4) injury to the plaintiff's business or property; and (5) causation. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986).

Certain statutes—including CEMA—create per se CPA violations. *See* RCW 19.190.030. A per se violation through a CEMA claim, however, establishes only the first three CPA three *Hangman Ridge* elements. *Meade*, 2026 WL 2098093, at *2. Indeed, CEMA's plain text maps these three elements: (1) "[a] violation of this chapter … is an unfair or deceptive act" (2) "in trade or commerce … for the purpose of applying the consumer protection act," and (3) "the practices covered by this chapter are matters vitally affecting the public interest." RCW 19.190.030(3). With a per se CPA violation, a plaintiff must still prove injury to business or property and causation. *Anderson v. Valley Quality Homes, Inc.*, 84 Wn. App. 511, 516 (1997); *see also Mielke v. Tacoma RV Ctr., Inc.*, noted at 30



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Wn. App. 2d 1038, 2024 WL 1510663, at *5 (2024) (affirming dismissal of per se CPA claims for lack of causation); *Race v. Fleetwood Retail Corp. of Wash.*, noted at 116 Wn. App. 1041, 2003 WL 1901274, at *6 (2003) (same, for lack of injury); *El-Shawary v. US Bank Nat'l Ass'n*, 2021 WL 5177574, at *4 n.6 (W.D. Wash. Nov. 8, 2021) (noting "[a] *per se* CPA claim allows a plaintiff to satisfy the first three elements of *Hangman Ridge*" while granting summary judgment on per se CPA claims for lack of injury and causation), *aff'd sub nom. El-Shawary v. U.S. Bank Natl Ass'n as Tr. for GSR Mortg. Loan Tr. 2006-4F Mortg. Pass-Through Certificate Series 2006-4F*, 2022 WL 17689312 (9th Cir. Dec. 15, 2022).

The Western District of Washington recently considered this precise issue in connection with purported violations of CEMA's false or misleading email subject line prohibitions in *Meade*, 2026 WL 2098093, and confirmed that such violations only satisfy the first three elements of a CPA claim. There, the plaintiff brought claims under CEMA and the CPA based on discount extensions that she argued made the original email subject lines false or misleading. There, as here, the plaintiff's CPA claim was based entirely on her CEMA claim. After finding that the CEMA claim was time-barred, Judge Settle dismissed the CPA claim, holding that "[a] successful CEMA claim establishes only the first three elements" of a CPA claim and "[t]he CPA still requires the plaintiff to show the defendant caused injury to their business or property[,]" which the plaintiff had failed to do. *Id.* at *2. As Judge Settle explained, injury based on harassment from allegedly false time-limited discounts in email subject lines does not constitute an injury to business or



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

property under the CPA. Accordingly, the Court dismissed the plaintiff's CEMA and CPA claims as "not cognizable." *Id.*

Likewise in this case, Plaintiff fails to allege she opened, read, or relied on the email subject lines at issue. *See* Compl. At most, she alleges the emails violated "her right to be free from … annoyance and harassment"—identical allegations to those in *Meade*. *Id.* ¶ 93, *compare Meade*, Dkt. 1-1 ¶ 64 (emails violated plaintiff's "right to be free from … annoyance and harassment"). Like in *Meade*, these allegations are insufficient to constitute an injury to business or property for a CPA claim.

And allegations of deception or misrepresentation alone do not suffice, as the Washington Supreme Court recently clarified in *Montes*, 6 Wn.3d at 324. In *Montes*, the plaintiff purchased leggings for $6 after the retailer advertised that they were discounted from $12.50. Even though the plaintiff alleged this price comparison was false—i.e., the leggings had never been sold for $12.50—the Court held that a plaintiff does not suffer injury to business or property when she "purchases—and obtains—the very product she sought to obtain but does so because the seller misrepresented the product's price history." *Id.* at 324–25. The CPA requires an ***objective*** economic loss; "disappointed expectations" resulting from a misleading representation are insufficient. *Id.*

Under *Montes* and as in *Meade*, Plaintiff here has failed to allege the required injury to business or property or causation. She alleges that Hanes sent her promotional emails with subject lines offering "Cyber Deals End Tonight" and free shipping promotions available as a "Last Chance" only to later extend or offer a



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

similar promotion. Compl. ¶¶ 42–64, 94. But Plaintiff asserts only that she ***received*** emails with allegedly misleading subject lines—not that she opened the emails, clicked on them, purchased any product, or spent any money. And while she contends the subject lines "create a false sense of urgency in consumers' minds," *id.* ¶ 4, *Montes* forecloses a CPA injury based solely on the alleged misrepresentation about the duration or urgency of a promotion. Because the alleged deception concerns only the purported duration of promotions—and Plaintiff alleges no economic loss—her claim fails.

***Wright v. Lyft.*** Plaintiff attempts to avoid this conclusion by invoking *Wright*, 189 Wn.2d 718, asserting that a CEMA violation automatically establishes all five elements of a CPA claim. Compl. ¶ 118. That is incorrect. *Wright* involved CEMA's prohibition on sending commercial texts without consent under RCW 19.190.060, which is not at issue here. The Washington Supreme Court held that an individual who has received a commercial text message without consent has automatically established all five elements of a CPA violation, including injury to business or property because unsolicited commercial text messages impose concrete economic harms: they consume limited device memory, use paid data services, and interrupt the receipt of desired communications. 189 Wn.2d at 731. The Court's reasoning rested on legislative findings specific to text messages, including that recipients "pay for use when a message is received," that the limited memory of mobile devices can be exhausted, and receiving a text message interrupts recipients' receipt of welcomed messages. *Id.* at 730 (quoting Laws of



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

2003, ch. 137 § 1). These harms arise directly from the receipt of the text message itself, regardless of its content—unlike CEMA's email provision at issue here.

The statutory scheme confirms the distinction. The text-message provisions of CEMA are consent-based: sending commercial text messages without consent violates the statute regardless of what the message says. RCW 19.190.060; RCW 19.190.070. The email subject-line provision is different. It is *content*-based, not consent-based. CEMA does not prohibit sending commercial emails generally; it prohibits sending emails with false or misleading subject lines. RCW 19.190.020(1)(b). Emails with a truthful subject line do not violate the statute. Accordingly, any CPA injury tied to email must stem from the deception in the subject line, not from the mere receipt of the email. *Hangman Ridge*, 105 Wn.2d at 785 (requiring "a causal link be established between the unfair or deceptive act complained of and the injury suffered"). Inbox storage, bandwidth consumption, and interruption cannot supply that injury to business or property because they occur whether the subject line is truthful or deceptive. A truthful subject line occupies the same inbox space and consumes the same bandwidth as a deceptive one. Alleged falsity adds nothing. Any time spent reviewing or deleting the email flows from receipt of the email itself—not from whether the subject line is truthful or misleading. As such, *Wright*'s reasoning does not apply to CEMA's email provision.

**Harmonizing *Wright* and *Montes*.** Read together, *Wright* and *Montes* reinforce the CPA's independent injury requirement. In *Wright*, the statutory violation itself caused concrete economic harm because unsolicited text messages



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

impose costs on recipients upon receipt. 189 Wn.2d at 731. In contrast, misleading email subject lines do not impose any incremental economic harm. Under *Montes*, deception alone—particularly deception about the magnitude or duration of a sale—does not constitute injury to business or property absent an objective economic loss. 6 Wn.3d at 324–26, 328–32. Plaintiff's contrary reading of *Wright* would create an untenable result. A consumer who received an email stating "T-Shirts 50% Off" when the shirts were not actually discounted could recover under the CPA via CEMA, even though the identical misrepresentation asserted directly under the CPA would fail under *Montes* for lack of injury. Such result is untenable.

The better reading is straightforward: *Montes* articulates the first principle that a CPA violation—even a per se one—requires injury to business or property caused by the violation. *Wright* represents a limited holding specific to CEMA's text message provision, where the statutory violation itself produces the injury identified by the legislature. This interpretation harmonizes *Wright* with *Montes* and preserves the CPA's statutory requirement of injury to business or property.

This reading of *Wright* and *Montes* also harmonizes their holdings with the important public policy considerations behind the CPA. Notably, the Attorney General does not need to prove injury to business or property in order to prosecute a CPA action. *See Montes*, 6 Wn.3d at 330 ("[T]he attorney general 'is not required to prove causation or injury' when it prosecutes a CPA case.") (citation omitted). That structure reflects an important policy balance. Because the Attorney General acts in a preventive, prophylactic capacity "on behalf of the public generally," and



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

may target practices that merely have the "capacity or tendency to deceive," the CPA empowers the Attorney General to prosecute any CPA violation without showing that the violation caused consumer injury. *See Nuttall v. Dowell*, 31 Wn. App. 98, 110 (1982); RCW 19.86.080. Allowing prosecution without injury is an extremely broad power which is exercised under due discretion by the Attorney General. By contrast, the CPA's private right of action was designed to allow consumers to recover monetary relief only where they can "establish some causal link between defendant's unfair act and his injury." *Nuttall*, 31 Wn. App. at 110. *Montes* ensures that this distinction between private plaintiffs and the Attorney General remains in place, while a broad reading of *Wright* would allow private CEMA plaintiffs to always stand in the same shoes as the Attorney General, an outcome not supported by any provision of the CPA or CEMA.

## V. CONCLUSION

Because Plaintiff alleges no injury to business or property caused by the alleged subject-line misrepresentations—and none could arise from the conduct alleged—Plaintiff fails to state a claim. The Court should enter judgment on the pleadings in favor of Hanes.

///

///

///



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 14th day of August, 2026.

DAVIS WRIGHT TREMAINE LLP

*/s/ Lauren B. Rainwater*

Lauren B. Rainwater, WSBA #43625
Rachel Herd, WSBA #50339
Caleah N. Whitten, WSBA #60209
Email: laurenrainwater@dwt.com
Email: rachelherd@dwt.com
Email: caleahwhitten@dwt.com

920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Telephone: (206) 622-3150
Facsimile: (206) 757-7700

*Attorneys for Hanesbrands Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of August, 2026, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which in turn automatically generated a Notice of Electronic Filing ("NEF") to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice. There are no non-CM/ECF participants for which service by other means is required.

DATED this 14th day of August, 2026.

By *<u>/s/ Lauren B. Rainwater</u>*
Lauren B. Rainwater, WSBA #43625



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax