FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 14, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JESSICA L. JACKSON, on her own behalf and on behalf of others similarly situated,

Plaintiff,

v.

HANESBRANDS, INC.,

Defendant.

No. 2:25-CV-00440-SAB

**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS**

Before the Court is Defendant's Motion for Judgment on the Pleadings, ECF No. 50. Plaintiff is represented by Lynn A. Toops, Michael C. Tackeff, Raina C. Borrelli, and Samuel J. Strauss. Defendant is represented by Caleah N. Whitten, Lauren Rainwater, and Rachel Herd.

Defendant requests the Court dismiss Plaintiff's Commercial Electronic Mail Act (CEMA) based Consumer Protection Act (CPA) claims, asserting that Plaintiff fails to allege a cognizable injury or causation. Although the Court already considered this exact issue in a prior Order denying Defendant's Motion to Dismiss, Defendant cites to a single new unpublished district court opinion that supports its theory.

A Rule 12(c) Motion for Judgment on the Pleadings is "proper when, taking all the allegations in the pleadings as true, the moving party is entitled to

judgment as a matter of law." *Parker v. Cnty. of Riverside*, 78 F.4th 1109, 1112 (9th Cir. 2023).

To prevail on a CPA claim, a plaintiff must establish five elements: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) affecting the public interest; (4) injury to the plaintiff's business or property; and (5) causation. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 780 (1986). CEMA is a Washington statute that imposes liability on any person who initiates or conspires to initiate the transmission of an email "to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that… [c]ontains false or misleading information in the subject line." Wash. Rev. Code § 19.190.020(1)(b). Although CEMA does not provide an independent private right of action, a violation of CEMA is a per se violation of the CPA. *State v. Heckel*, 143 Wash. 2d 824, 828 (2001); *Wright v. Lyft*, 189 Wash.2d 718, 726 (2017); Wash. Rev. Code § 19.190.030(1), 19.190.100, ch. 19.86 et seq. CEMA contains a liquidated damages provision: "Damages to the recipient of a commercial electronic mail message… sent in violation of this chapter are $100, or actual damages, whichever is greater." Wash. Rev. Code § 19.190.040(1).

Plaintiff asserts Defendant's email promotions lure consumers in through urgent subject headings in emails that do not reflect the true availability of the deal itself. Plaintiff's Complaint identifies 14 allegedly false or misleading subject lines and she asserts she received three of these emails. Plaintiff asserts the email subject lines misrepresent the timing of the deals and harm consumers by creating a false sense of urgency to act, because Defendant ended a promotion and later offered a similar one or extended promotions based on business considerations.

Defendant previously moved to dismiss the case, arguing that CEMA is unconstitutional and preempted by a related federal law, and that Plaintiff failed

to allege sufficient facts to establish a CEMA or CPA claim. These arguments were rejected. The Court noted that, based on the relevant state court caselaw, a violation of CEMA is a per se violation of the CPA, and since Plaintiff alleged sufficient facts to establish a CEMA claim, her CPA claim was also sufficient.

Defendant asserts the caselaw has developed in a meaningful way since the filing of that Order. In *Meade*, the Western District of Washington held that "[a] successful [CEMA] claim establishes only the first three elements" of a Washington CPA claim, and the "CPA still requires the plaintiff to show the defendant caused injury to their business or property." *Meade v. Profusion Cosmetics Corp.*, 2026 WL 2098093, at *2 (W.D. Wash. July 16, 2026). Defendant argues that, coupled with the Washington Supreme Court's holding in *Montes* that there is no CPA injury merely "because the seller misrepresented the product's price history," Plaintiff's CEMA-based CPA claim cannot proceed because she fails to allege any cognizable injury as a result of Defendant's alleged acts. *Montes v. SPARC Group, LLC*, 6 Wash. 3d 321, 324 (2026).

Defendant further asserts that the Washington Supreme Court's ruling in *Wright* (that a CEMA violation automatically establishes a CPA violation) is not applicable here, because the court in *Wright* only applied CEMA's liquidated damages provision to a case where unsolicited text messages were the issue (reasoning that phone storage, text-message rates, and other text-message-specific issues led to cognizable damages). *Wright*, 189 Wash.2d at 730-31. However, the court in *Wright* specifically noted that "there is no indication in [CEMA] that the legislature intended to regulate text messages and e-mails differently." *Id*.

The final case relied upon by Defendant, *Montes*, is a CPA case that does not discuss the CEMA-based CPA claim standards in *Heckel* or *Wright*. Instead, the court held that "disappointed expectations" regarding a product's price history is insufficient to establish injury to business or property under the CPA.

*Montes*, 6 Wash. 3d at 324-25. While *Montes* sets pleading standards for typical CPA claims, Washington courts have carved out a specific rule for CEMA-based CPA claims that appears to adjust the CPA pleading standard.

Defendant requests the Court reconsider its prior decision without citing to any intervening or controlling authority. Although it reached a different conclusion than this Court, the *Meade* court's holding is not binding. The holding in *Meade* directly contradicts the Supreme Court of Washington's holding in *Wright*, and Defendant further misconstrues the holding in *Wright* to only apply to text messages, when the court expressly contemplates the congressional intent for CEMA to apply to text messages and emails equally. As this appears to be an actively developing area of state law, the Court will defer to the Washington courts' interpretation of Washington statutes. *Murdock v. City of Memphis*, 87 U.S. 590, 626 (1874).

As Defendant has already requested the Court to consider the issue of whether Plaintiff has sufficiently pled injury and causation, and Defendant provides no new binding authority that is contrary to the Court's prior ruling, Defendant's Motion for Judgment on the Pleadings is **denied**.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Judgment on the Pleadings, ECF No. 50, is **DENIED**.

**IT IS SO ORDERED.** The Clerk of Court is hereby directed to file this Order and provide copies to counsel.

**DATED** this 14th day of October 2026.

Stan Bastian
Chief United States District Judge